**Donnell L. ROBERTSON,**
**Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 45A03–9704–PC–130.**

Court of Appeals of Indiana.

Nov. 5, 1997.

Rehearing Denied Jan. 27, 1998.

---

Donnell L. Robertson, Michigan City, Pro Se.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

STATON, Judge.

Donnell L. Robertson appeals the dismissal with prejudice of his petition for post-conviction relief. The post-conviction court dismissed Robertson's petition pursuant to its authority under Ind.Trial Rule 41(E). Robertson's appeal raises the following dispositive issue:

Whether the post-conviction court erred in dismissing his petition for post-conviction relief before ordering a hearing as required under Ind.Trial Rule 41(E).

We reverse.

Robertson was convicted by jury of murder.[1] On January 26, 1996, Robertson filed a petition for post-conviction relief. Later on June 6, 1996, he filed an amended pro se petition for post-conviction relief. Four months later, on October 29, 1996, the court ordered Robertson to "either request a hearing or show cause on or before December 4, 1996, as to why the petition for post-conviction relief should not be dismissed for failure to prosecute. If the petitioner fails to request a hearing or file a satisfactory written response with the court, the petition will be dismissed." Record at 45.

Robertson filed a motion for extension of time to prosecute his petition for post-conviction relief on November 22, 1996, which the court denied. Again, the court reminded Robertson that he was to either request a hearing or show cause on or before December 4, 1996, why his petition for post-conviction relief should not be dismissed for failure to prosecute. Finally on December 4, 1996, the court dismissed Robertson's pro se petition.

Robertson contends that the proper procedure for the post-conviction court to follow would have been to order a hearing before dismissing his petition for failure to prosecute. We agree.

■ Dismissal for failure to prosecute under Ind.Trial Rule 41(E) will be reversed on appeal only for a clear abuse of discretion. *Hill v. Duckworth,* 679 N.E.2d 938, 939 (Ind. Ct.App.1997). Indiana T.R. 41(E) states in relevant part:

Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion *shall order a hearing for the purpose of dismissing such case.* The court shall enter an order of dismissal at plaintiff's cost if the plaintiff shall not show sufficient cause at or before such hearing. (Emphasis added).

In *Rumfelt v. Himes,* 438 N.E.2d 980, 984 (Ind.1982), the Indiana Supreme Court held that T.R. 41(E) "clearly requires a hearing on a motion to dismiss." "The language of Trial Rule 41(E) is explicit: 'the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case.'" *Id.* at 983. "'If failure to obey the clear, explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun.'" *Id.* (quoting *Otte v. Tessman,* 412 N.E.2d 1223, 1232 (Ind.Ct.App.1980) (Staton, J. dissenting), *vacated by* 426 N.E.2d 660 (Ind.1981)). Our courts have consistently maintained that a hearing must be ordered by the court for the purpose of dismissing an action under T.R. 41(E), whether the dismissal is for failure to comply with the rules or failure to prosecute as in this case. *Hatfield v. Edward J. DeBartolo Corp.,* 676 N.E.2d 395, 400 (Ind.Ct.App.1997) *reh. denied; Browning v. Walters,* 620 N.E.2d 28, 32 (Ind.Ct.App. 1993); *Nichols v. Indiana State Highway Dep't,* 491 N.E.2d 227, 229 (Ind.Ct.App.1986); *J.C. Marlow Milking Machine Co. v. Reichert,* 464 N.E.2d 364, 366–67 (Ind.Ct.App. 1984) *trans. denied; Fulton v. VanSlyke,* 447

---

1. Ind.Code § 35–42–1–1 (1993).

N.E.2d 628, 634 (Ind.Ct.App.1983), *trans. denied.*

██ In this case, the post-conviction court failed to order a hearing as required by T.R. 41(E). Therefore, the judgment of the post-conviction court dismissing the post-conviction relief petition with prejudice is reversed. We remand to the post-conviction court with instructions to order a hearing.

Reversed and remanded.

GARRARD, J., concurs in result.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. As noted by the majority, a trial court's order dismissing an action pursuant to Ind.Trial Rule 41(E) will be reversed only for a clear abuse of discretion. *Hill v. Duckworth,* 679 N.E.2d 938, 939 (Ind.Ct.App.1997). T.R. 41(E) allows a trial court to dismiss an action for either: 1) failure to prosecute the civil cause or 2) failure to comply with the trial rules.

Here, 120 days elapsed before the court ordered Robertson to either request a hearing or show cause why the petition should not be dismissed. Robertson did neither. Instead, he filed a request to further delay the action. The court denied the request but reiterated its order that Robertson either request a hearing or show cause by December 4, 1996. On December 4, 1996, the trial court dismissed the action with prejudice. Robertson had neither requested a hearing nor shown cause as to why the action should not be dismissed. In fact, Robertson did not request a hearing until December 16, 1996, after the action had been dismissed.

The rule specifically provides for a hearing if *the court, on motion of a party or on its own motion,* requests one. T.R. 41(E). In the present case, as exhaustively noted above, Robertson did not make the motion. Further the court did not, *on its own motion,* request a hearing. There being no indication that either party or the trial court made a motion, the trial court was not bound to hold a hearing.

Robertson could have had a hearing had he simply complied with the trial court's order. Robertson chose instead to file a non-responsive motion requesting further delay. The trial court did not abuse its discretion in dismissing the action based upon Robertson's failure to comply with the order and for failure to show cause why the action should not be dismissed. Rewarding Robertson's stonewalling tactics should not be countenanced. I would vote to affirm the trial court.