Vickie GRANT, Appellant–Plaintiff,

v.

WAL–MART STORES, INC.,
Appellee–Defendant.

No. 49A04–0106–CV–263.

Court of Appeals of Indiana.

March 13, 2002.

Vickie Grant, Pro Se.

Julia Blackwell Gelinas, Thomas L. Davis, Allison S. Avery, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Vickie Grant appeals the trial court's denial of her motion to correct

error and the denial of her motion for the reinstatement of her personal injury case against Wal–Mart Stores, Inc., that was dismissed after she failed to appear at the pre-trial conference. Grant raises one issue for our review. However, we raise the following dispositive issue *sua sponte:*[1] whether the trial court abused its discretion by dismissing Grant's suit without ordering a dismissal hearing.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Grant retained Attorney Taffanee Woods–O'Neal ("Woods") to represent her in a personal injury suit against Wal–Mart. On March 23, 2001, Woods filed a motion to withdraw her appearance stating there had been a breakdown in the attorney/client relationship to the extent that Grant had refused to keep in contact with Woods. Woods' motion was granted on the same day. Attached to Woods' motion was a copy of a letter addressed to Grant dated February 1, 2001, wherein Woods informed Grant that due to the breakdown in communication she intended to withdraw from Grant's case. The letter also advised Grant to seek other counsel to aid her and that Woods would either forward her file to new counsel or make it available for Grant to pick up. The letter, however, did not include notice of the pre-trial conference or pre-trial order.[2] Woods' motion to withdraw further stated that subsequent to the date of the letter, Woods released the file to Grant's husband and he informed Woods that Grant would seek other counsel.

The pre-trial conference had been set for April 19, 2001. Grant did not appear for the pre-trial conference and the trial court at that time dismissed her case. On April 30, 2001, Grant filed a motion for reinstatement, *pro se*, which was denied, and later filed a motion to correct error, which was also denied. This appeal ensued.

## DISCUSSION AND DECISION

Ind. Trial Rule 16(K) provides that a trial court may "take such other action as may be appropriate" when "without just excuse or because of failure to give reasonable attention to the matter, no appear-

---

**1.** Normally Grant's failure to raise an issue would result in waiver. However:

The rule forbidding the discussion of points not originally suggested by appellant is made for the protection of the court, and only operates to excuse the court from considering questions that are not shown to have any material bearing upon the rights of the parties. Notwithstanding the failure of counsel to present the question, the court may consider and decide a question presented by the record, and may go outside the briefs of counsel for reasons upon which to base the decision, in order to do justice to the parties.

*White v. White*, 208 Ind. 314, 317, 196 N.E. 95, 96 (1935).

**2.** Woods' letter did not comply with Marion County Civil Rule of Procedure 3.2, which provides:

All withdrawals of appearances shall be in writing and by leave of Court. Permission to withdraw shall be given only after the withdrawing attorney has given his client ten (10) days written notice of his intention to withdraw and has filed a copy of such with the Court; or upon a simultaneous entering of appearance by new counsel for said client. The letter of withdrawal shall explain to the client that failure to secure new counsel may result in dismissal of the client's case or a default judgment may be entered against him, whichever is appropriate, *and other pertinent information such as trial setting date or any other hearing date.* The Court will not grant a request for withdrawal of appearance unless the same has been filed with the Court at least ten (10) days prior to trial date, except for good cause shown.
(Emphasis added.)

ance is made on behalf of a party at a pretrial conference." " 'Such other action' may include dismissal of the action under Rule 41(E)." *Farinelli v. Campagna,* 166 Ind.App. 587, 338 N.E.2d 299, 303 (1975) (*quoting* 2 Harvey, Indiana Practice, § 16.6, at 180). T.R. 41(E) provides in pertinent part:

> Failure to prosecute civil actions or comply with rules.

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion *shall order a hearing* for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

(Emphasis added.)

 We will reverse a dismissal for failure to prosecute only in the event of an abuse of discretion, which occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Metcalf v. Estate of Hastings,* 726 N.E.2d 372, 373–74 (Ind.Ct. App.2000), *trans. denied.* We will affirm if there is any evidence that supports the decision of the trial court. *Id.* at 374.

The plain language of T.R. 41(E) requires that the trial court "shall order a hearing for the purpose of dismissing such case." *See Metcalf,* 726 N.E.2d at 374 citing *Rumfelt v. Himes,* 438 N.E.2d 980, 983 (Ind.1982). The trial court abused its discretion by summarily dismissing Grant's case after she failed to appear at the pre-trial conference without ordering a hearing as required by T.R. 41(E). A hearing should have been set to allow Grant the opportunity to show sufficient cause why her case should not be dismissed.

Reversed and remanded with instructions for the trial court to order a hearing pursuant to T.R. 41(E).

BAKER, J., and NAJAM, J., concur.