ELMER H. BROWN, JR., and LINDA D. BROWN, Appellant-Plaintiffs,
v.
PEABODY COAL COMPANY, Appellee-Defendant/Third Party Plaintiff,
v.
ESTATE OF JEANETTE GRAY, Deceased; WILBUR WASSON; MICHAEL P. HOYT, Deceased; ESTATE OF JO W. HOYT, Deceased; KAREN HARRIS SMITH; ESTATE OF JACK BIRCHER, Deceased; ESTATE OF ELSIE BIRCHER, Deceased; and C.A.'S MEMORIAL, L.L.C. Appellees-Third Party Defendants.
No. 87A04-0605-CV-283.
Court of Appeals of Indiana.
December 14, 2006.
JOHN BURLEY SCALES, Law Office of John Burley Scales, Boonville, Indiana, ATTORNEYFOR APPELLANTS.
PATRICK A. SHOULDERS, DAVID A. GUERRETTAZ, Ziemer Stayman Weitzel & Shoulders, Evansville, Indiana, TONY W. FEHRENBACHER, Kinney Kasha and Buthod, Evansville, Indiana, KEITH E. ROUNDER, Bowers Harrison, LLP, Evansville, Indiana, ATTORNEYS FOR APPELLEES.

MEMORANDUM DECISION
FRIEDLANDER, Judge.
More than seven years ago, Elmer and Linda Brown (the Browns) filed a complaint against Peabody Coal Company (Peabody) alleging that Peabody had wrongfully entered upon and occupied real estate owned by the Browns. Peabody subsequently filed a third-party complaint against several parties[1] as sublessors and guarantors of a coal lease pursuant to which Peabody claimed the right to mine the subject land. Following a dismissal hearing, the Browns' complaint was dismissed with prejudice pursuant to Indiana Trial Rule 41(E). The Browns present the following restated and consolidated issues for review:
1. Were the Browns afforded a proper dismissal hearing?
2. Did the trial court abuse its discretion when it dismissed the Browns' complaint?
We affirm.
The facts, while undisputed, are rather lengthy. On April 15, 1999, the Browns filed a four-paragraph complaint against Peabody in Warrick County Circuit Court. In June, Peabody answered the complaint and filed its third-party complaint against the Bircher Defendants and C.A.'s Memorial. Following the filing of responsive pleadings by the third-party defendants, the first pretrial conference was held on March 8, 2000 and a bench trial was set for September 11. The trial date, however, was reset on several occasions (apparently twice by the Browns and twice by the third-party defendants) over the next year. In the interim, the Bircher Defendants served the Browns with written discovery requests on November 16, 2000, to which the Browns failed to respond. On May 18, 2001, the parties agreed to vacate the scheduled trial date and "reset at a future time." Appellants' Appendix at 7.
For almost two years thereafter, the Chronological Case Summary (CCS) reveals no activity in the case. On March 19, 2003, the Browns informed the trial court that the parties were in the process of a possible settlement, and the court diaried the matter for thirty days. Thereafter, pursuant to T.R. 41(E), the trial court sua sponte set a hearing for April 23, 2003 for the Browns to "show cause why this cause should not be dismissed for no action." Appellants' Appendix at 7. On the eve of the hearing, however, a staff member from the office of the Browns' counsel contacted the court and the hearing was vacated. The CCS entry indicated that "the case shall not be dismissed." Id. at 8.
After nearly another two years of inaction, on February 14, 2005, the Browns filed a motion to schedule trial. Following the pretrial conference, the trial court issued a pretrial order on June 3, scheduling a three-day bench trial for December 13, 2005. The order also set forth the following relevant deadlines:
August 16, 2005 completion of discovery
September 20, 2005 plaintiffs file specific acts of negligence, prospective witness list and exhibits, and an itemization of damages
November 1, 2005 mediation
On June 27, 2005, the Bircher Defendants sent a letter to the Browns' counsel, stating in relevant part:
Now that this case has been scheduled for trial and a variety of pre-trial deadlines have been established by the court, I should remind your office about the discovery requests which we propounded early on in this case. As your file will reflect, we have not received responses to those discovery requests. By this letter, I am reiterating our request that your client respond fully to all of the discovery requests, another copy of which I am enclosing with this correspondence....
Id. at 58. The Browns did not respond to this discovery request.
After the discovery deadline set by the court expired, the Bircher Defendants filed a motion to compel discovery, which the trial court granted on August 22, 2005. The trial court specifically ordered the Browns to "serve upon counsel for the Third Party Defendants, answers to Interrogatories and request for Production on or before September 30, 2005." Id. at 39. Despite this order, the Browns failed to respond to the Bircher Defendants' discovery requests, which had been pending for nearly five years. Moreover, the Browns failed to file specific acts of negligence, a list of prospective witnesses and exhibits, or an itemization of damages as required by the pretrial order.[2]
On October 19, 2005, Peabody, the Bircher Defendants, and C.A.'s Memorial filed a joint motion to vacate and continue the mediation and trial dates (scheduled for October 28 and December 13, respectively) on the grounds that the Browns had failed to prosecute the action in a timely manner. Specifically, the Browns had wholly failed to comply with the pretrial order and the order compelling discovery. In light of the Browns' actions (more precisely, complete inaction), Peabody and the third-party defendants alleged that they were unable to prepare for the scheduled mediation or trial, which were less than two weeks and less than two months away, respectively. The trial court granted the motion on October 21, 2005.
The Browns continued to ignore the court's pretrial order and order compelling discovery for several more months. Therefore, on February 2, 2006, the Bircher Defendants filed a motion to dismiss pursuant to T.R. 41(E),[3] in which Peabody and C.A.'s Memorial later joined. The trial court scheduled a hearing on the motion for April 6, 2006.
The Browns' counsel of record, John Burley Scales, was apparently unable to appear at the hearing due to a sudden illness. Therefore, an associate in his practice, Frank R. Hahn, appeared with Elmer Brown at the hearing on Scales's behalf. Hahn informed the court that he was unaware of this case until about three hours before the hearing and asked the court to continue the hearing to allow Scales an opportunity to address the issues "of which [Hahn] kn[e]w nothing."[4]Transcript at 4. The trial court denied Hahn's request, explaining:
Mr. Hahn, I think in light of the age of this case what I intend to do today is allow the parties present to state their positions. Uh, I will give, uh, you a period of time that Mr. Scales can file a response, uh, if he desires to do so. The parties will have an opportunity to respond to his response and if [Peabody's counsel] wants to join with a written motion in this Motion to Dismiss, I'll give him a chance to do so as well. So, [Bircher Defendants' counsel], I will entertain your motion.
Id. at 7. Hahn did not object to this procedure, and the Bircher Defendants, as well as Peabody and C.A.'s Memorial, proceeded to present argument in support of the motion to dismiss. Thereafter, the Browns were given one week (until April 13) for Scales to file a written response. The other parties were then given until April 20 to reply to the Browns' submission.
On April 12, 2006, the Browns filed a relatively brief response to the motion to dismiss. The Browns asserted that although they had failed to comply with the court's discovery order, "that is not grounds for the dismissal under Trial Rule 41(E)." Appellants' Appendix at 29. They noted that several of the continuances in this case occurred by motion of the defendants or by agreement of the parties. Moreover, relying on an affidavit filed by Elmer, the Browns asserted that the delay was attributable to private settlement negotiations between Elmer and a land agent for Peabody, made without the involvement of counsel.[5]
Peabody, the Bircher Defendants, and C.A.'s Memorial filed a joint reply brief on April 20, 2006, in support of their respective motions to dismiss. The following day, the trial court dismissed the case with prejudice pursuant to T.R. 41(E) "for the reason that in the six years this case has been pending,[6] the Plaintiffs have failed to comply with requests from the Defendants and orders from the Court to provide discovery." Id. at 12. The Browns appeal from this order.
T.R. 41(E) provides in relevant part:
Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.
We review a trial court's decision to dismiss a cause of action under T.R. 41(E) for an abuse of discretion. Beard v. Dominguez, 847 N.E.2d 1054, 1059 (Ind. Ct. App. 2006), trans. denied. That is, we consider whether the trial court's decision was against the logic and effect of the facts and circumstances, and "'we will affirm the trial court if any evidence supports the trial court's decision.'" Id. (quoting Gray v. Westinghouse Elec. Corp., 624 N.E.2d 49, 55 (Ind. Ct. App. 1993), trans. denied); see also Grant v. Wal-Mart Stores, Inc., 764 N.E.2d 301 (Ind. Ct. App. 2002).
We generally balance several factors to determine whether the trial court abused its discretion by dismissing a case for failure to prosecute:
The length of the delay; the reason for the delay; the degree of personal responsibility on the part of the plaintiff; the degree to which the plaintiff will be charged for the acts of his attorney; the amount of prejudice to defendant caused by the delay; the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; the desirability of deciding the case on the merits; and the extent to which plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.
Lee v. Friedman, 637 N.E.2d 1318, 1320 (Ind. Ct. App. 1994). The weight we give to any of these factors, however, depends on the facts particular to each case. Beard v. Dominguez, 847 N.E.2d 1054. In fact, "a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." Lee v. Pugh, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004).

1.
The Browns initially challenge the dismissal of their action on procedural grounds. They assert that they were "effectively denied the right of representation by counsel at the hearing" when the trial court refused to continue the hearing to allow their attorney of record, who had suddenly taken ill, to recover and appear on their behalf. Appellants' Brief at 1. The Browns claim that the trial court's decision to allow their attorney to submit evidence and arguments in writing after the hearing, instead of continuing the hearing, did not satisfy the hearing requirement of T.R. 41(E).
In the instant case, a hearing was set as required by T.R. 41(E), a hearing was held, and counsel appeared for the Browns at the hearing. Because the Browns' counsel of record, Scales, could not attend the hearing due to illness and because their substitute counsel was unfamiliar with the case, the trial court gave the Browns one week for Scales to present written arguments and evidence in response to the arguments made in support of the motions to dismiss.[7] The Browns did not object to this alternative procedure employed by the trial court either at the hearing or in their post-hearing submissions. Therefore, they cannot now be heard to complain. See Trout v. Trout, 638 N.E.2d 1306, 1307-08 (Ind. Ct. App. 1994) ("any challenges to the procedure utilized by the trial court were waived by Husband's failure to object to the format of the proceedings.... Husband, through his silence, is held to have assented to proceeding in this irregular manner"), trans. denied.
Moreover, we observe that the Browns' reliance on Rumfelt v. Himes, 438 N.E.2d 980 (Ind. 1982) and Grant v. Wal-Mart, Inc., 764 N.E.2d 301, is misplaced. In both cases, the trial court dismissed the cause without ordering a dismissal hearing. See Rumfelt v. Himes, 438 N.E.2d 980 (T.R. 41(E) explicitly requires trial court to order a hearing; therefore, trial court erred when it failed to order a hearing and, instead, directed plaintiff to make a written submission showing cause why dismissal should not be granted); Grant v. Wal-Mart, Inc., 764 N.E.2d at 303 ("trial court abused its discretion by summarily dismissing Grant's case after she failed to appear at the pre-trial conference without ordering a hearing as required by T.R. 41(E)"). Because a dismissal hearing was ordered in the instant case, as required by T.R. 41(E), Rumfelt and Grant are inapposite.
We find Metcalf v. Estate of Hastings, 726 N.E.2d 372 (Ind. Ct. App. 2000), trans. denied, more fitting to the facts at hand. In Metcalf, the trial court ordered a telephonic dismissal hearing and directed Metcalf's (plaintiff's) counsel to initiate the conference call at 1:00 p.m. on the date of the hearing. Counsel, however, was unable to reach a telephone until around 1:30, at which time the trial court was unavailable. At some point thereafter, the trial court granted the defendant's T.R. 41(E) motion to dismiss for failure to prosecute. On appeal, Metcalf argued that the trial court erred by granting the motion without holding a hearing. We disagreed, explaining:
The plain language of T.R. 41(E) requires the trial court to order a hearing once a party has moved to dismiss a case for failure to prosecute. See Rumfelt v. Himes, 438 N.E.2d 980, 983 (Ind. 1982). However, when the court orders a hearing and notice of the hearing date is sent to the plaintiff, the hearing requirement of T.R. 41(E) is satisfied, regardless of whether the plaintiff or his counsel attends the hearing. Lake County Trust v. Highland Plan Com'n, 674 N.E.2d 626, 629 (Ind. Ct. App. 1996), trans. denied.

* * *
Metcalf argues that the trial court erred by ruling on the Estate's motion without holding a hearing. However, the trial court ordered a hearing on the T.R. 41(E) motion to dismiss and Metcalf had an opportunity to respond; this was sufficient to satisfy the hearing requirement of T.R. 41(E). See Lake County, 674 N.E.2d at 629. Therefore, we hold that the trial court did not err by dismissing the case without holding an adversarial hearing.
Metcalf v. Estate of Hastings, 726 N.E.2d at 374. The hearing requirement of T.R. 41(E) was similarly satisfied in the case at hand.[8]

2.

Aside from procedural error, the Browns further assert that the trial court abused its discretion by dismissing the case. In this regard, they rely on statements made in Elmer's affidavit to the effect that he had been engaged in private settlement negotiations with Peabody's land manager since the latter part of 2005. The Browns argue: "Where Defendants have shown no prejudice from the delay, this will be a high price for the Browns to pay, because they tried to accommodate Peabody's settlement overture, or even if they or their counsel were simply slow to comply with discovery requirements." Appellants' Brief at 12.
The Browns' dilatory conduct began well before their most recent settlement negotiations with Peabody. The simple fact is that this case has been pending for over seven years and there has been no significant progress toward trial. We remind the Browns that it was their burden to move the litigation forward, not Peabody's, the third-party defendants', or the court's. See Lee v. Pugh, 811 N.E.2d 881. In an attempt to push the case to resolution, the trial court sua sponte scheduled a dismissal hearing in 2003, after nearly two years of inactivity. Though not entirely clear from the record, it appears that the hearing was vacated after a secretary in Scales's office notified the court that possible settlement negotiations were in process. Evidently, attempts at settlement were not successful and another two years passed before the Browns sought to schedule a trial date in February 2005. At that point, the case had been on the trial court's docket for nearly six years.
Following the pretrial conference in June 2005, the trial court issued an order establishing several pretrial deadlines and setting trial for December. Over the next several months, the Browns ignored each and every deadline. They disregarded discovery requests from the Bircher Defendants that had been pending for nearly five years and were renewed after the pretrial conference. The Browns made no attempt to respond or seek an extension to respond. Rather, they sat idly by even after the trial court issued an order compelling discovery. As a result, in October, the defendants were forced to seek vacation and continuance of the upcoming mediation and trial dates. The Browns' actions cannot be characterized as simply slow to comply with discovery requirements. On the contrary, it appears that the Browns had no intention of complying with the discovery requests or the orders from the trial court. Such blatant disregard cannot be countenanced, even if settlement negotiations had recently been recommenced with one party. See id.
The trial court's authority to dismiss a case for failure to prosecute arises from its administrative discretion to conduct its business. Gray v. Westinghouse Elec. Corp., 624 N.E.2d 49. "This authority is also found in T.R. 41(E), which allows dismissal where there has been a failure to comply with the Indiana Trial Rules or when no action has been taken in a civil case for 60 days. Trial Rule 41(E) also allows dismissal for violations of court orders." Id. at 55. In the instant case, the Browns failed to take action for well over sixty days, failed to comply with the trial rules, and blatantly violated court orders. The evidence clearly supports the trial court's decision to dismiss the case pursuant to T.R. 41(E).[9]
Affirmed.
NAJAM, J., and DARDEN, J, concur.
NOTES
[1] The third-party defendants included the Estate of Jeanette Gray, Deceased; Wilbur Wasson; Michael P. Hoyt; Estate of Jo W. Hoyt, Deceased; Karen Harris Smith; Estate of Jack Bircher, Deceased; and Estate of Elsie Bircher, Deceased (collectively referred to as the Bircher Defendants). C.A.'s Memorial, L.L.C. (C.A.'s Memorial) was also included as a third-party defendant.
[2] Peabody and the third-party defendants made filings as required by the pretrial order.
[3] Among other things, the Bircher Defendants alleged: "For almost seven (7) years that this case has been pending, the Plaintiffs have not prosecuted this action in any substantive way. As such this case should be dismissed for failure to prosecute under Trial Rule 41(E) of the Indiana Rules of Trial Procedure." Appellants' Appendix at 34.
[4] Hahn further stated, "to make a long story short, I am totally at a loss and I'm only here to avoid default of appearance by plaintiffs' attorney." Transcript at 5.
[5] Elmer's affidavit provided in relevant part:

3. During the year 2005 I have been attempting to negotiate a settlement of the issues contained in the above lawsuit with Mr. Mancil Robinson, land agent for Peabody [].
4. That during the later part of 2005 and January  February of 2006 Mr. Robinson was in my home and discussed various settlement offers that would resolve all differences arising from said litigation.
5. I relied on these negotiations and believe [sic] that a settlement would ultimately be reached to avoid litigation all to the satisfaction of myself and Peabody [].
6. Mr. Robinson related to me that he did not want the lawyers involved and that a settlement should be reached between myself and Peabody which would be satisfactory to the [third-party defendants].
7. This information was relayed to my attorney, John Burley Scales, with instructions not to proceed to trial so that continuing efforts could be made for settlement.
Id. at 31.
[6] The case had actually been pending for seven years at the time of this order.
[7] We note that the defendant and third-party defendants made only arguments and did not present evidence at the hearing.
[8] In passing, the Browns assert "effective[]" violations of the federal due process clause and art. 1, § 12 of the Indiana Constitution, apparently claiming they were deprived of the opportunity to be heard at a meaningful time and in a meaningful manner by counsel of record. Appellants' Brief at 8. We find these constitutional issues waived for failure to present cogent argument. See, e.g., Williams v. State, 724 N.E.2d 1070 (Ind. 2000) (appellant waived issue by failing to develop contentions and present cogent argument with adequate citation to authority).
[9] While there is a preference for deciding cases on the merits and less drastic sanctions were obviously available to the trial court, we observe that a trial court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear. See Belcaster v. Miller, 785 N.E.2d 1164 (Ind. Ct. App. 2003), trans. denied.