## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 27 2017, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Anthony W. Smith
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony W. Smith, *Appellant-Petitioner,* | December 27, 2017 |
| v. | Court of Appeals Case No. 35A05-1705-PC-1058 |
| | Appeal from the Huntington Circuit Court |
| State of Indiana, *Appellee-Respondent.* | The Honorable Thomas M. Hakes |
| | Trial Court Cause No. 35C01-1511-PC-24 |

**Najam, Judge.**

## Statement of the Case

Anthony W. Smith appeals the post-conviction court's dismissal of his petition for post-conviction relief for failure to prosecute. Smith presents the following dispositive issue for our review: whether the post-conviction court erred when it did not hold a hearing before dismissing his petition under Trial Rule 41(E).[1] We reverse and remand with instructions.

## Facts and Procedural History

The facts underlying Smith's convictions were stated by this court on direct appeal:

> In 2010, Misty Sell was living with David Smith.[] In November 2010, she broke up with David and began dating Anthony. In December 2010, she stopped dating Anthony and moved back in with David. When Sell broke up with Anthony, he threatened to kill Sell, David, and himself. Less than a week later, on December 17, 2010, Sell retrieved some of her belongings from Anthony, and Sell told Anthony that she did not want to get back together with him. She returned to David's apartment, and they went to sleep.
>
> In the early morning hours of December 18, 2010, Anthony left his house with a steak knife in the waistband of his pants, and McDaniel, Anthony's stepson, followed Anthony. Sell and David awoke to someone beating on the front door. As David put on his pants, Sell opened the door to Anthony and McDaniel. They pushed Sell out of the way and went into the

---

[1] Because we reverse and remand, we need not address the second issue raised by Smith, namely, whether the post-conviction court erred when it did not make findings of fact or conclusions of law.

apartment. David backed into a corner and asked what they were doing there. Anthony said, "shut up you f****** faggot I'm going to kill you." Tr. p. 494. Anthony and David fought until Sell started to call the police, and then Anthony went toward the door. At that point, McDaniel and David began fighting. Anthony went toward David, but Sell yelled at him and shoved him out of the apartment.

Sell saw Anthony and McDaniel each stab David on his left side. David was stabbed a total of three times and suffered a lacerated spleen and diaphragm, which required surgery to suture. Two knives were recovered from the scene.

The State initially charged Anthony and McDaniel with Class B felony aggravated battery. The informations were amended to include charges of Class A felony attempted murder and Class C felony battery, and the aggravated battery charges were dismissed. Anthony and McDaniel were jointly tried, and a jury found them guilty as charged. At sentencing, the trial court vacated the battery convictions. For the attempted murder convictions, Anthony was sentenced to forty-five years, with ten years suspended to probation, for an executed sentence of thirty-five years, and McDaniel was sentenced to thirty-five years, with fifteen years suspended to probation, for an executed sentence of twenty years.

*Smith v. State*, No. 35A04-1112-CR-662, 2012 WL 3222382, at *1 (Ind. Ct. App. Aug. 9, 2012). We affirmed his convictions and sentence. *Id.* at *6.

[3] On November 25, 2015, Smith filed a *pro se* petition for post-conviction relief, and the post-conviction court appointed a public defender to represent Smith. However, on January 19, 2016, the public defender filed a notice of nonrepresentation under Post-Conviction Rule 1(9)(c), whereby he declined to

represent Smith. Two months later, Smith requested new counsel, but the trial court denied that request.

[4] On October 13, 2016, the State moved to dismiss Smith's petition for failure to prosecute under Trial Rule 41(E). On October 14, the trial court ordered the parties to submit evidence by affidavits. On November 15, Smith filed a motion for additional time to respond to the State's motion to dismiss, and he filed an affidavit stating his intention to prosecute his petition and stating his reasons for asking for an additional sixty days to respond. The trial court granted Smith's motion and ordered him to respond to the motion to dismiss by January 14, 2017.

[5] On January 31, 2017, the State filed a notice to inform the post-conviction court that Smith had not filed a response by the January 14 deadline, and the State moved the court to grant its motion to dismiss. On February 21, Smith filed a motion for an evidentiary hearing on his petition for post-conviction relief, and he asked the court to issue subpoenas for witnesses to attend that hearing. On March 2, the post-conviction court granted the State's motion to dismiss without first holding a hearing. This appeal ensued.

## Discussion and Decision

[6] Smith contends that the post-conviction court erred when it dismissed his petition for post-conviction relief pursuant to Indiana Trial Rule 41(E) without holding a hearing on the State's motion. We will reverse a Trial Rule 41(E) dismissal for failure to prosecute "only for a clear abuse of discretion."

*Caruthers v. State*, 58 N.E.3d 207, 210 (Ind. Ct. App. 2016) (quoting *Robertson v. State*, 687 N.E.2d 223, 224 (Ind. Ct. App. 1997), *trans. denied*). "An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it." *Id.*

[7] Indiana Trial Rule 41(E) provides as follows:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or *on its own motion shall order a hearing* for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

(Emphasis added.)

[8] In *Caruthers*, 58 N.E.3d at 211-14, we addressed whether Trial Rule 41(E) requires a hearing and held as follows:

> Caruthers argues that Trial Rule 41(E) requires a court to hold a hearing prior to dismissing a case for failure to prosecute. We agree, based on our supreme court's decision in *Rumfelt v. Himes*, 438 N.E.2d 980 (Ind. 1982). . . .
>
> * * *
>
> . . . Our supreme court rejected the defendants' argument [that the Rumfelts had waived any right to a hearing and had not

shown prejudice], observing that "[t]he language of Trial Rule 41(E) is explicit: 'the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case.'" *Id.* at 983. The court explained, "'If the failure to obey the clear, explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun.'" *Id.* (quoting *Otte v. Tessman*, 426 N.E.2d 660, 662 (Ind. 1981)). . . . The *Rumfelt* court . . . concluded that the trial court had not satisfied the requirements of Trial Rule 41(E), reversed the trial court's dismissal, and remanded with instructions to order a hearing on the defendants' motion to dismiss in accordance with Trial Rule 41(E).

* * *

[In a dissenting opinion in *Metcalf v. Estate of Hastings*, 726 N.E.2d 372 (Ind. Ct. App. 2000), *trans. denied*,] Judge Sullivan . . . opin[ed] that *Trial Rule 41(E) "clearly contemplate[s] that a hearing not only be scheduled, but that it be conducted unless, and only unless the plaintiff has, prior to the hearing, been afforded opportunity to demonstrate sufficient good cause for the delay and has in fact done so*." *Id.* at 374-75 (Sullivan, J. dissenting). We believe that Judge Sullivan's dissent is not only a correct reading of the rule but is also consistent with *Rumfelt*, which we are bound to follow as controlling supreme court precedent.

. . . Trial Rule 41(E) does not require the plaintiff to wait until the scheduled hearing to show cause but clearly anticipates that a plaintiff may show cause at or before the hearing. [Here, t]he trial court did not rule on [Caruthers'] April 20, 2015[,] motion to show cause. Caruthers also filed a motion for evidentiary hearing and a request for transport order, which the trial court did not rule on. *There were multiple mechanisms that were available to the court to address Caruthers's motions, such as arranging a telephone conference or directing Caruthers to submit his case by affidavit.* However, the trial court dismissed his action without holding a hearing as required by Trial Rule 41(E).[] *See Rumfelt*, 438

N.E.2d at 983. Accordingly, we reverse the postconviction court's summary dismissal of Caruthers's PCR action and remand for either a Trial Rule 41(E) hearing or reinstatement of his action.

(Emphases added, some citations omitted.)[2]

[9] The State suggests that our holding in *Caruthers* permits a post-conviction court to rule on a Trial Rule 41(E) motion without a hearing, where the court directs the parties to submit their cases by affidavit, "exactly as this Court suggested in *Caruthers*." Appellee's Br. at 9. But the State misconstrues our reference in *Caruthers* to "other mechanisms" available to the post-conviction court, such as affidavits. The *Caruthers* court was referring to other mechanisms for responding to the *petitioner's* motions, not the State's motion to dismiss.

[10] Further, the State ignores our explicit holding that Trial Rule 41(E) requires that "'a hearing *not only be scheduled*, but that it be conducted unless, and only unless the plaintiff has, prior to the hearing, been afforded opportunity to demonstrate sufficient good cause for the delay and has in fact done so.'" *Caruthers*, 58 N.E.3d at 214 (quoting *Metcalf*, 726 N.E.2d at 374-75 (Sullivan, J., dissenting)). Here, as in *Rumfelt* and *Caruthers*, because the post-conviction court did not hold a hearing on the State's motion to dismiss, the court erred when it dismissed Smith's petition. Accordingly, we reverse the postconviction

---

[2] As we noted in *Caruthers*, our Supreme Court recently cited its opinion in *Rumfelt* with approval in *Wright v. Miller*, 989 N.E.2d 324, 328 n.3 (Ind. 2013).

court's dismissal of Smith's petition for post-conviction relief and remand for either a Trial Rule 41(E) hearing or reinstatement of his action.

[11] Reversed and remanded with instructions.

Mathias, J., and Barnes, J., concur.