## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2018, 8:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad M. Buell
SCHILLER LAW OFFICES, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

J. Thomas Vetne
Amanda N. Zaluckyj
JONES OBENCHAIN, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie L. Joseph, Jr.,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Jacob M. Kelley,<br>*Appellee-Defendant.* | October 18, 2018<br><br>Court of Appeals Case No.<br>18A-CT-1059<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Stephen R. Bowers, Judge<br><br>Trial Court Cause No.<br>20D02-1412-CT-238 |

**Bailey, Judge.**

# Case Summary

[1] Willie L. Joseph, Jr. ("Joseph") appeals the dismissal of his complaint against Jacob M. Kelley ("Kelley") for failure to prosecute. Joseph presents the following dispositive issue for our review: whether the trial court abused its discretion when it did not hold a hearing before dismissing his complaint under Indiana Trial Rule 41(E).

[2] We reverse and remand with instructions.

# Facts and Procedural History

[3] On December 3, 2014, Joseph filed his complaint for damages, alleging that he was struck by a vehicle operated by Kelley while Joseph was walking across Main Street in Goshen at the intersection of Lincoln Avenue on November 14, 2014. On January 12, 2015, Kelley filed his answer and a cross claim against Joseph for property damage to Kelley's vehicle. On January 30, 2014, Joseph filed his answer to Kelley's cross claim.

[4] There was no activity on the case until the trial court, on its own motion, set a status conference which was held on August 5, 2016. At that conference, the trial court found that the "matter [was] selected for mediation," and it ordered the parties to complete mediation by October 28, 2016. Appellant's App. at 4. At the October 28 status conference, the parties agreed to engage in mediation on March 21, 2017, and to reset the status conference to March 24, 2017. The court extended the discovery deadline to sixty days following mediation.

[5] On March 21, the parties engaged in unsuccessful mediation. At the March 24 status conference, the court set final pretrial conference and trial dates. The court also set another status conference for April 28, however both parties failed to appear at that conference. On April 28, the court ordered the parties "to advise the court as to the status of th[e] case," but there was no further activity in the case until Kelley filed a motion to dismiss pursuant to Trial Rule 41(E) on June 6, 2017. *Id*. at 5-6. The court held a hearing on that motion on June 16, at which both parties appeared by counsel. The trial court issued its order from that hearing on June 20. Neither the order nor the Chronological Case Summary (CCS) state the court's ruling on the 41(E) motion, but both parties agree that the court denied that motion. The June 20 order was a "pretrial conference order," and it set pretrial deadlines, including a final pretrial conference on October 21, 2017, and a jury trial date of October 24, 2017. *Id*. at 6, 27-32.

[6] The court held a pretrial conference on October 20 at which both parties appeared. Because the parties "advise[d] the court that an offer has been received and that counsel for Plaintiff will forward same to client," the court cancelled the October jury trial date and set another status conference for November 17, 2017. *Id*. at 7. At the November 17 status conference, both parties appeared by counsel and the court noted that the cause would be "set for further status conference upon the request of either party." *Id*.

[7] On January 18, 2018, Kelley again moved to dismiss the cause pursuant to Trial Rule 41(E). On January 22, the court set a hearing on that motion for

March 2, 2018, and the CCS indicates "Automated ENotice Issued to Parties[']" attorneys on January 23. *Id*. On January 31, Joseph personally filed a handwritten letter to the court, stating his intention to replace his attorney due to a disagreement regarding settlement and "take this case to trial" with a new attorney. *Id*. at 7, 33.

[8] Neither party nor their attorneys appeared for the March 2 hearing on Kelley's motion to dismiss. *Id*. at 27-28. The trial court called Kelley's attorney. *Id*. The trial court then called Joseph's attorney, who was in a deposition for another case. When Joseph's attorney returned the court's phone call that same day, the court informed Joseph's attorney that the motion to dismiss had already been granted. *Id*. The CCS indicates the case was dismissed on March 2, and an "ENotice" was issued to the parties' attorneys on March 3. *Id*. at 8.

[9] On March 6, Joseph personally filed his handwritten letter stating that his attorney "did not let [him] know about the March 2, 2018 court date[,]" and "requesting a jury trial." *Id*. at 8, 34. That same day, the court issued an order stating: "This matter having been dismissed with prejudice, the Court declines to take any action on Plaintiff's correspondence." *Id*. at 8, 26. On April 2, Joseph's attorney filed a motion to reinstate the cause or set aside the order of dismissal. The motion stated that Joseph's counsel "inadvertently failed to discover any notice of the hearing set on the Motion to Dismiss for March 2nd, 2018[,] prior to this date through the Court's electronic filing system." *Id*. at 27. The motion further stated that Joseph's counsel was "unaware" of the hearing and therefore unable to advise Joseph of the hearing. *Id*. at 27-28. The motion

also notified the court that Joseph had "previously answered discovery, … been deposed, and … attended mediation." *Id*. at 30.

[10]     Kelley's counsel filed a response that same day, and, on April 4 the trial court denied the motion to reinstate the case or set aside the dismissal. This appeal ensued.

# Discussion and Decision

[11]     Joseph asserts that the trial court erred when it dismissed his case without first holding a hearing on Kelley's Rule 41(E) motion. We review a Rule 41(E) dismissal for an abuse of discretion. *E.g.*, *Smith v. State*, 90 N.E.3d 691, 693 (Ind. Ct. App. 2017). An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Id*.

[12]     Indiana Trial Rule 41(E) states:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

[13] This court has recently addressed the Rule 41(E) requirement of a hearing prior to dismissal. In *Caruthers v. State*, the trial court set the defendant's postconviction relief (PCR) case for a Rule 41(E) hearing and, prior to that date, the defendant filed a notice regarding why the case should not be closed and a motion to set his PCR for an evidentiary hearing on the merits. However, the trial court dismissed the case without a hearing. We held that Rule 41(E) "clearly contemplates that a hearing *not only be scheduled, but that it be conducted* unless, and only unless the plaintiff has, prior to the hearing, been afforded opportunity to demonstrate sufficient good cause for the delay *and has in fact done so*." 58 N.E.3d 207, 214 (Ind. Ct. App. 2016) (emphasis added) (quoting Judge Sullivan's dissent in *Metcalf v. Estate of Hastings*, 726 N.E.2d 372, 374-75 (Ind. Ct. App. 2000), *trans. denied*). We noted that this holding was required by our Supreme Court's decision in *Rumfelt v. Himes*, 438 N.E.2d 980 (Ind. 1982), where the court interpreted Trial Rule 41(E) "to require that the trial court hold a hearing and not merely schedule a hearing." *Id*. at 212. Because the trial court had scheduled but not conducted a hearing, we reversed the Rule 41(E) dismissal. *Id*. at 214.

[14] Similarly, in *Smith v. State*, 90 N.E.3d 691, 695 (Ind. Ct. App. 2017), the trial court had ordered the parties to submit evidence by affidavit regarding the State's motion to dismiss under Rule 41(E). The trial court granted the defendant's motion for additional time to respond to the motion and gave the defendant a date by which he must respond. The defendant failed to respond to the motion but did file a motion for an evidentiary hearing on the merits of his

case. The trial court then granted the motion to dismiss without a hearing. On appeal, we cited *Rumfelt* and *Caruthers* in support of our holding that the trial court erred in dismissing the case without a hearing, and we remanded the case for either a Trial Rule 41(E) hearing or a reinstatement of the case. *Id*. at 695.

[15] Here, as in *Caruthers*, the trial court scheduled a hearing on the Rule 41(E) motion but failed to actually conduct a hearing. Although the CCS states "Hearing on Motion to Dismiss" on "03/02/2018," it is undisputed that neither party nor their attorneys actually attended a hearing that day; therefore, no hearing could have been conducted. Appellant's App. at 8. Moreover, when Joseph's counsel returned the trial court's phone call that day, it informed him that the case had already been dismissed; thus, Joseph was deprived of an opportunity to demonstrate sufficient good cause for the delay in the case prior to a ruling on dismissal. That was an abuse of the trial court's discretion.

[16] Kelley cites this court's holding in *Metcalf* that "when the court orders a hearing and notice of the hearing date is sent to the plaintiff, the hearing requirement of T.R. 41(E) is satisfied, regardless of whether the plaintiff or his counsel attends the hearing." 726 N.E.2d at 374. However, that case does not help Kelley for two reasons. First, in *Metcalf* there was no evidence that the plaintiff's attorney did not actually receive notice of the 41(E) hearing whereas, in the instant case, Joseph's attorney stated that he never received such notice. And that statement was bolstered by the fact that Kelley's attorney also failed to appear for the hearing, making it more likely that there was some problem with the notice of the hearing. Second, two panels of this court have called *Metcalf*'s holding into

question as conflicting with both the language of Rule 41(E) and the Supreme Court's holding in *Rumfelt*. *Smith*, 90 N.E.3d at 695; *Caruthers*, 58 N.E.3d at 214. We agree with this court's most recent holdings in *Smith* and *Caruthers* that Trial Rule 41(E) requires that, prior to dismissal of a case, the trial court both schedule and actually *conduct* a hearing at which the plaintiff is, in fact, given the opportunity to demonstrate sufficient good cause for the delay. Because the trial court failed to conduct a hearing at which Joseph had the opportunity to show good cause for the delay, the trial court erred in granting the Rule 41(E) motion. Accordingly, we reverse the dismissal and remand for either a Trial Rule 41(E) hearing or reinstatement of Joseph's action.

[17] Reversed and remanded with instructions.

Mathias, J., and Bradford, J., concur.