# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2020, 11:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin L. Martin
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Aaron T. Craft
Deputy Attorneys General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin L. Martin,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Superintendent Dick Brown,<br>*Appellee-Defendant.* | August 31, 2020<br><br>Court of Appeals Case No.<br>20A-CT-465<br><br>Appeal from the<br>Sullivan Circuit Court<br><br>The Honorable<br>Robert E. Hunley, Judge<br><br>Trial Court Cause No.<br>77C01-1710-CT-629 |

**Kirsch, Judge.**

[1]   Kevin L. Martin ("Martin") appeals the trial court's dismissal of his complaint pursuant to Indiana Trial Rule 41(E) for Martin's failure to prosecute his claim.

On appeal, Martin raises several issues, which we consolidate and restate as whether the trial court committed reversible error by dismissing Martin's complaint without first setting a hearing.

[2] We reverse and remand for further proceedings.

## Facts and Procedural History

[3] On October 23, 2017, Martin filed a complaint against numerous employees of the Indiana Department of Correction ("DOC") and two attorneys not employed by DOC. *Appellant's App. Vol. 2* at 2-3. On November 2, 2017, the trial court granted Martin's motion for a fee waiver; the Chronological Case Summary entry stated that Martin was to "provide the correct amount of summons and copies of the complaint to the Clerk before the Clerk to issue the summons." *Id*. at 3.

[4] On November 16, 2017, Martin filed what the trial court treated as a motion to reconsider, and the trial court denied that motion on December 15, 2017. *Id*. at 3-4; *Appellee's App. Vol. II* at 14-24. On January 4, 2018, Martin filed a notice of appeal. *Appellant's App. Vol. II* at 4. However, in an order dated August 1, 2018, we dismissed Martin's appeal because he failed to file his appellant's brief within thirty days of service of the Notice of Completion of Clerk's Record. *Martin v. Prison Guards Wabash Valley Corr. Facility*, No. 18A-CT-60 (Ind. Ct. App. Aug. 1, 2018), *appeal dismissed, trans. denied*.

[5] Nearly two years later, the trial court realized that Martin's case had inadvertently been removed from its active docket due to inactivity. *Appellant's*

*App. Vol. II* at 5.  The case was placed back on the trial court's active docket, and, on January 23, 2020, after Martin still had not provided the correct number of summons and copies of the complaint, the trial court sua sponte dismissed Martin's case for failure to prosecute under Indiana Trial Rule 41(E) ("Trial Rule 41(E)").  *Id*. at 5-6.  The trial court issued the order without setting a hearing.  *Id*. at 5.  Martin now appeals.

## Discussion and Decision

Martin contends the trial court erred by dismissing his complaint pursuant to Trial Rule 41(E) without first setting a hearing.  Trial Rule 41(E) provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion *shall* order a hearing for the purpose of dismissing such case.  The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.  Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

*Id*. (emphasis added).  "We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it."  *Petrovski v. Neiswinger*, 85 N.E.3d 922, 924 (Ind. Ct. App. 2017).  "We will affirm if there is any evidence that supports the decision

of the trial court." *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*.

[7] The purpose of Trial Rule 41(E) is "'to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution.'" *Belcaster*, 785 N.E.2d at 1167 (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993)). The plaintiff bears the burden of moving the litigation forward. *Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004). "'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely.'" *Belcaster*, 785 N.E.2d at 1167 (quoting *Hill v. Duckworth*, 679 N.E.2d 938, 939-40 (Ind. Ct. App. 1997)). However, we "view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances." *Caruthers v. State*, 58 N.E.3d 207, 211 (Ind. Ct. App. 2016) (citing *Am. Family Ins. Co. ex rel. Shafer v. Beazer Homes Ind.*, *LLP*, 929 N.E.2d 853, 857 (Ind. Ct. App. 2010)).

[8] Trial Rule 41(E) requires a hearing and dismissing a case without a hearing is improper. *Wright v. Miller*, 989 N.E.2d 324, 328 n.3 (Ind. 2013). This is a bright line rule; the failure to conduct a hearing cannot be harmless error. *Rumfelt v. Himes*, 438 N.E.2d 980, 982-83 (Ind. 1982). "[J]udgments of dismissal entered without such a hearing are subject to reversal." *Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130, 137 (Ind. Ct. App. 2010),

*trans. denied*; *see also Caruthers*, 58 N.E.3d at 209; *Robertson v. State*, 687 N.E.2d 223, 224-25 (Ind. Ct. App. 1997), *trans. denied*.

[9] Here, the trial court failed to set the required hearing and dismissed Martin's case without notice to Martin to give him the opportunity to show cause why his complaint should not be dismissed. *Appellant's App. Vol. II* at 5. Thus, the trial court abused its discretion in dismissing Martin's complaint. *See Grant v. Wal-Mart Stores, Inc.*, 764 N.E.2d 301, 303 (Ind. Ct. App. 2002). Accordingly, we reverse and remand and instruct the trial court to set a hearing to allow Martin to show cause why his complaint should not be dismissed.[1] *See Robertson*, 687 N.E.2d at 224-25.

[10] Reversed and remanded with instructions for further proceedings.[2]

Pyle, J., and Tavitas, J., concur.

---

[1] Martin also argues that the trial court exhibited bias against him, supposedly evinced by the trial court's dismissal of Martin's complaint and by the trial court's statement that Martin's case "[would] never move forward." *Appellant's Br.* at 15. Since we reverse and remand this case because the trial court should have set a hearing before dismissing Martin's complaint, we need not address this issue. However, to the extent Martin asks us to order the trial judge to recuse himself on remand, we deny that request for two reasons. First, rulings adverse to a party do not establish judicial bias. *See Perry v. State*, 904 N.E.2d 302, 308 (Ind. Ct. App. 2009), *trans. denied*. Second, Martin cites nothing in the record to support his claim that the trial court said Martin's case would not "move forward," so Martin has waived that claim. *See Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009).

[2] On July 2, 2020, another panel of this court reviewed an appeal that Martin brought under facts and circumstances nearly identical to those in this appeal: Martin had sued DOC officials, and the trial court dismissed the case pursuant to Trial Rule 41(E). In a memorandum decision, the panel reversed the dismissal because the trial court had failed to set a hearing before dismissing Martin's case. *See Martin v. Prison Guards Wabash Valley Corr. Facility*, No. 20A-CT-464, 2020 WL 3581135 (Ind. Ct. App. July 2, 2020).