Herman C. RUMFELT and Patricia C. Rumfelt, Husband and Wife, Plaintiffs-Appellants,

v.

Charles H. HIMES and Grace Himes, Husband and Wife; Himco Waste Away Service, Inc., a corporation; CLD Corporation, a corporation; Miles Laboratories, Inc., a corporation; Elkhart General Hospital, Inc., a not for profit corporation; Whitehall Laboratories, a Division of American Home Products Corporation, a corporation; Josephine L. Cooper, Defendants-Appellees.

No. 3–181A25.

Court of Appeals of Indiana, Third District.

Oct. 29, 1981.

Rehearing Denied Jan. 7, 1982.

Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, Edward A. Zych, Matthews-Petsche & Associates, South Bend, for plaintiffs-appellants.

Geoffrey K. Church, Ronald C. Meteiver, Elkhart, for Charles H. Himes, Grace Himes and Himco Waste Away Service, Inc.

Roland Obenchain, Timothy W. Woods, South Bend, Richard W. Winchell, Elkhart, for Miles Laboratories, Inc.

Richard E. Steinbronn, Elkhart, for CLD Corporation, Elkhart General Hospital, and Josephine L. Cooper.

Mary E. Davis, Elkhart, David Kessler, New York City, for Whitehall Laboratories, a Division of American Home Products Corp.

GARRARD, Judge.

Herman C. Rumfelt and his wife, Patricia C. Rumfelt, appeal the trial court's dismissal, under Indiana Rules of Procedure, Trial Rule 41(E), of their complaint for failure "to comply with the rules of civil procedure and the court's orders thereunder." On appeal, they ask if the court erred in granting the defendants' joint motion to dismiss. We affirm.

A review of pertinent portions of the record indicates that the Rumfelts filed their complaint on September 9, 1976. On January 25, 1977 they filed an amended complaint in which they sought injunctive and monetary relief from Himco Waste Away Services, Inc., CLD Corporation, Miles Laboratories, Inc., Elkhart General Hospital, Inc., Whitehall Laboratories, Josephine L. Cooper, Charles H. Himes and

Grace Himes. The Rumfelts sought to enjoin and abate the alleged nuisance created by Himco Waste Away when it allowed the commercial users of its service to dump soiled hospital supplies, toxic chemicals and hazardous wastes on land located near the Rumfelts' home.

Without burdening this opinion with a lengthy recitation of the pre trial sparring by all parties, it is sufficient to say that over the nearly four year course of the litigation, there were four attempted pre trial conferences and the Rumfelts had been ordered, several times, to submit revised claims supporting legal theories and witness lists. On April 15, 1980, after reviewing the Rumfelts' proposed contentions which had been filed in response to an earlier order, the court concluded that the only viable cause of action available to them was one seeking damages on the basis of a private nuisance. It then ordered the Rumfelts to serve all of the defendants with a revised statement of their contentions, including elements of damage. The court also ordered them to provide each defendant with an updated witness and exhibit list within 45 days.

On June 2, 1980 the Rumfelts filed their proposed contentions. Responding by filing a joint motion to dismiss on June 25, 1980, the defendants complained that the Rumfelts' witness list was too general and that their revised contentions remained too vague to apprise them of what they would be required to defend against. They also pointed out that the Rumfelts had, several times, failed to comply with earlier court orders. Upon receipt of the motion to dismiss, the court ordered the plaintiffs "to show cause in writing if any there be why plaintiffs' complaint herein should not be dismissed with prejudice to the plaintiffs on or before July 25, 1980." On July 3, 1980 the Rumfelts filed a written response to the motion to dismiss which was in substance an argumentative denial. Later that same day, the court granted the defendants' motion to dismiss and made the following finding:

"The Court does now having considered the entire record and the proceedings herein and the motion to dismiss filed jointly by the defendants on June 25, 1980 and plaintiffs' response thereto now considers that the plaintiff has failed to comply with the rules of civil procedure and the Court's orders thereunder and that this action should be dismissed under Trial Rule 41(E) for failure to comply with rules.

IT IS THEREFORE CONSIDERED AND ORDERED that plaintiff's complaint herein be and the same is hereby dismissed with prejudice and with costs taxed to plaintiff."

Rumfelts raise two contentions on appeal. They urge that the court committed reversible error by failing to order and conduct an oral hearing before granting the dismissal. They also contend that it was error to grant a dismissal in the absence of an express determination that the parties, themselves, had been guilty of bad faith conduct.

Trial Rule 41(E) provides:

"Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."

This section of the rules provides the vehicle for dismissing an action based upon failure to comply with the rules or when no action has been taken in a case for at least sixty (60) days. *Farinelli v. Campagna* (1975), 166 Ind.App. 587, 338 N.E.2d 299. While the triggering mechanism is the ordering of a hearing, the rule must be ap-

plied in conjunction with TR 73. That rule provides:

"To expedite its business the court may direct the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition . . . ."

■ In the case before us the trial court notified the parties that it proposed to resolve the motion in this fashion. It directed the filing of such a statement by appellants. They made no objection to the court's order, made no request for an oral hearing, and did file their written response. There was no error in the court making its determination without conducting an oral hearing.

■ Rumfelts' remaining contentions which assert that they should not be penalized for their attorney's actions, and that the sanction of dismissal was improper were all answered adversely to them in *Farinelli v. Campagna, supra.* We adhere to the views stated therein.

We, therefore, affirm the judgment.

HOFFMAN, P. J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent from the Majority Opinion because the trial court abused its discretion when it applied Trial Rule 41(E) to a procedural posture ill-adapted to the purpose of the Rule. Although this litigation appears to have been unduly protracted, the trial court as well as the parties to the action share the responsibility for the needless protraction. Not once during the several pre-trial conferences did the trial court insist on setting the cause for trial on the merits. Furthermore, it appears that the trial court indulged the Defendants to the

extreme in their demand that the Plaintiff state his legal theory in his complaint. From the record, it appears that all concerned were oblivious to *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604 wherein Justice Hunter, writing for the Indiana Supreme Court, stated:

"The rules do not require that the complaint state all the elements of a cause of action. It must be remembered that our new rules are based on so-called notice pleadings in which a plaintiff essentially need only plead the operative facts involved in the litigation... We might note that certain cases from the Court of Appeals apparently state that the plaintiff is required to state in his complaint the theory upon which his claim is based. See, for instance, *Cheathem v. City of Evansville* (1972) 151 Ind.App. 181, 278 N.E.2d 602. Although a statement of the theory may be highly desirable, it is not required."

The procedural posture of this cause was ripe for trial on the merits—not for dismissal under TR. 41(E) because the Defendants, who had a similar motion to dismiss denied earlier,[1] are confused about the legal theory and want more particulars about what Plaintiff's witnesses are going to testify about and what the list of Plaintiff's Exhibits will "prove". There is no indication in the record that full and complete discovery procedures were not made available to the Defendants. The record shows that a partial summary judgment was issued by the trial court.[2] There is even some indication that efforts had been made to settle the dispute. In a "Memorandum in Support of Motion in Limine" at Transcript page 365, the following appears: "Since May, 1974, however, the plaintiffs have had good water from deep wells drilled for them by the defendant, Himco, with the cooperation of the defendant, Miles Laboratories." The 462 page Transcript and the prompt efforts

---

1. See Transcript pages 375 and 392.

2. "IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the plaintiffs take nothing by their complaint and claims against the defendants for injuries to their persons and injuries to their personal property which accrued on or

before September 9, 1974 but without prejudice to the rights of the plaintiffs to proceed against said defendants on the issues of injunctive relief, for injuries to their real property, and injuries to their persons and personal property which accrued on or after September 10, 1974."

by the Plaintiffs to respond and to maintain the action for a trial on the merits does not reflect any justification for a dismissal under TR. 41(E). On the contrary, the trial court should have insisted that the cause be set for trial on the merits.

After the Defendants filed their motion to dismiss under TR. 41(E), the trial court made the following entry: "... and the Court having considered the motion and prior record and proceedings herein does now order the plaintiff to show cause in writing if any there be why plaintiff's complaint herein should not be dismissed with prejudice to the plaintiff on or before July 25, 1980." [3] Trial Rule 41(E) in very clear, explicit language requires "... the trial court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case." No hearing was ordered for the purpose of dismissing this cause of action. The trial court abused its discretion by failing to order a hearing. Prejudice is presumed when a trial court fails to follow the mandate of the trial rules which provide for a fixed time for a hearing. *Otte v. Tessman* (1981), Ind., 426 N.E.2d 660 (1981). The judgment of the trial court dismissing this cause of action should be reversed.

Again, the Majority tries to gloss over obvious violations of the trial rules by a trial court to justify the result reached. As Justice Pivarnik underscored in *Otte v. Tessman, supra*: "We agree with the petitioners that the parties had a right to feel the trial court would follow the procedure spelled out in Ind.R.Tr.P. 56(C)." Here too, the parties had a right to expect that the trial court was bound to follow the trial rules as approved by the Indiana Supreme Court. The language of the Rule, TR. 41(E), is clear, concise, and explicit: "the court, ... on its own motion shall order a hearing for the purpose of dismissing such

case." The Rule says nothing about ordering the Plaintiff to show cause in writing.[4]

Eight days after the trial court issued its "rule to show cause" under TR. 41(E), the Plaintiffs filed a three page response. This response begs the trial court to demonstrate where the Plaintiff has failed in good faith to comply with the trial court's pre-trial order. It points out to the trial court: "2. That the Plaintiffs have in good faith complied with this Court's April 15, 1980 order, except for providing the defendants with a list of comparable parcels of real estate, and that plaintiffs had the Court's permission not to do so at this time." (Tr. 435) It further points out to the trial court: "7. That the defendants have failed to comply with the Court's Order of April 15, 1980, wherein they were to provide the plaintiffs with a list of their contentions, Witnesses and Exhibits by June 29, 1980." *Id.* The Plaintiffs had been given to July 25, 1980 to make this response. The response was made on July 3, 1980—twenty-two days before the deadline set by the trial court. Yet, the trial court granted the motion to dismiss filed by the Defendants on the same day that it received the Plaintiff's response without further inquiry, without setting the matter for hearing, and without citing what rules of civil procedure the Plaintiffs had failed to comply with so that they might comply under the final provisions of TR. 41(E):

"Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."

The ruling of the trial court merely stated:

"The Court does now having considered the entire record and the proceedings

---

3. See Transcript page 434.

4. Apparently, the Majority has adopted the Appellees' argument that the Plaintiff must show prejudice and move the trial court for a hearing even though the Indiana Supreme Court Rules of Civil Procedure mandate the trial court to set a dismissal under TR. 41(E) for hearing.

The Appellees rely on *Otte v. Tessman* (1980), Ind.App., 412 N.E.2d 1223 to support their argument. The Indiana Supreme Court has accepted transfer of *Otte v. Tessman* and reversed its holding in an opinion authored by Justice Pivarnik and handed down on October 6, 1981.

herein and the motion to dismiss filed jointly by the defendants on June 25, 1980 and plaintiffs' response thereto now considers that the plaintiff has failed to comply with the rules of civil procedure and the Court's orders thereunder and that this action should be dismissed under Trial Rule 41(E) for failure to comply with rules."

Finally, the Majority would propose a permissive argument in support of its result which was never alluded to directly or indirectly by the trial court. This argumentative proposition of law suggests that TR. 73 is a license for the trial court, in its discretion and without more, to decide when it will follow the mandate of the Supreme Court Rules which require a hearing before action is taken. Trial Rule 73 is a statement of policy by the Supreme Court and not a license to avoid and circumvent the clear, explicit mandates of its rules which are designed to assure justice to the parties. Here, we are considering the dismissal of a cause of action with prejudice—not expediting a cause of action toward trial on the merits. Trial Rule 73 should only be used in appropriate circumstances and in accordance with Indiana Supreme Court stated policy. When TR. 73 is being used by a trial court, the parties should be made fully aware that the trial court is intentionally deviating from a rule which provides for a different procedure and the reason for the deviation. If the parties expressly agree to expedite the cause of action by using the deviate procedure, no one is harmed. Otherwise, the trial court should make the reason for the deviation perfectly clear on the record so that a reviewing court can examine the merits of any objection. In the present case, absolutely no mention of TR. 73 is made by the trial court. The record is void of any inference that the Rule is being used as a deviate procedure.

I would reverse the judgment of the trial court dismissing the action with prejudice and instruct the trial court to re-instate the cause for a trial on the merits.