**Herman C. RUMFELT and Patricia C. Rumfelt, Husband and Wife, Appellants,**

**v.**

**Charles H. HIMES, and Grace Himes, Husband and Wife; Himco Waste Away Service, Inc., a corporation; CLD Corporation, a corporation; Miles Laboratories, Inc., a corporation; Elkhart General Hospital, Inc., a not for profit corporation; Whitehall Laboratories, a Division of American Home Products Corporation, a corporation; Josephine L. Cooper, Appellees.**

**No. 3–181 A 25.**

Supreme Court of Indiana.

Aug. 23, 1982.

Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, Edward A. Zych, Matthews-Petsche & Associates, South Bend, for appellants.

Geoffrey K. Church, Ronald C. Meteiver, Elkhart, for appellees Charles H. Himes, Grace Himes and Himco Waste Away Service, Inc.

Richard E. Steinbronn, Elkhart, for appellees CLD Corporation, Elkhart Gen. Hospital, and Josephine L. Cooper.

Roland Obenchain, Timothy W. Woods, Richard W. Winchell, South Bend, for appellee Miles Laboratories, Inc.

Mary E. Davis, David Kessler, Elkhart, for appellee Whitehall Laboratories, a Div. of American Home Products Corp.

CIVIL PETITION TO TRANSFER

GIVAN, Chief Justice.

This is an appeal from a dismissal of appellants' cause of action with prejudice pursuant to Indiana Rules of Trial Procedure, Rule 41(E). The Court of Appeals affirmed the trial court's dismissal of the cause in its published opinion, *Rumfelt v. Himes* (1981) Ind.App., 427 N.E.2d 470, Judge Staton dissenting. We hereby grant appellants' petition to transfer, vacate the opinion of the Court of Appeals, reverse the judgment of the trial court and remand the cause for a hearing on appellees' motion to dismiss pursuant to TR. 41(E).

The litigation in issue was initiated on September 9, 1976, by appellants' complaint, amended on January 25, 1977. The complaint sought injunctive and monetary relief from Himco Waste Away Services, Inc., CLD Corporation, Miles Laboratories, Inc., Elkhart General Hospital, Inc., Whitehall Laboratories, Josephine L. Cooper, Charles H. Himes and Grace Himes. The complaint alleged Himco Waste Away created a nuisance by allowing its customers to dump soiled hospital supplies, toxic chemicals and hazardous wastes on land located near appellants' home.

In response to appellees' answer, the trial court granted partial summary judgment on October 17, 1978, barring appellants from recovering any damages incurred prior to September 9, 1974. On April 15, 1980, the trial court ordered appellants to file a statement of contentions, including all elements of damage with witness and exhibit lists. The court further ordered a list of values of comparable land parcels to be provided. Appellants complied with the order by filing their contentions, witness and exhibit lists.

The appellees then jointly moved for a dismissal alleging the appellants had failed to comply with the court's previous orders by not providing the court with a brief of the law supporting their claims for "being deprived of the good life," for not itemizing their list of exhibits indicating which exhibits were being offered to prove which set of alleged facts, for not submitting the names and addresses of their expert witnesses, their area of expertise and proposed testimony, for not submitting addresses of all witnesses and submitting names of previously undisclosed witnesses. Appellees also urged appellants revised contentions were vague.

The trial court ordered appellants to show cause, if there be any, in writing why the motion to dismiss should not be granted on or before July 25, 1980. The order stated:

"Unless adequate cause is shown pursuant to the foregoing order, the Court will enter an order of dismissal of this action immediately after July 25. If, however, some cause is shown upon which the Court desires hearing whether argumentative or evidentiary, the Court will then set the matter for hearing."

Appellants filed their responsive pleadings on July 3, 1980, alleging that appellees' motions were vexatious and in bad faith, that appellants had in fact complied with the court's orders with one exception approved by the court and that appellees had violated the court's order to provide appellants with their contention, witness and exhibit lists by June 29, 1980. Appellees' motion to dismiss was granted with prejudice pursuant to Indiana Rules of Trial Procedure, Rule 41(E) for failure "to comply with the rules of civil procedure and the Court's orders thereunder" without citation to the rules allegedly violated.

■ Trial Rule 41(E) reads:

"*Failure to prosecute civil actions or comply with rules.* Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at the plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."

The trial court may dismiss an action when a party fails to comply with the rules or when no action has been taken in a case for at least sixty days. *Farinelli v. Campagna* (1975) 166 Ind.App. 587, 338 N.E.2d 299.

■ Appellants claim the trial court erred in ruling on appellees' motion to dismiss without having ordered a hearing as required by TR. 41(E). Appellees contend appellants' failure to object waived any right to a hearing. Appellees further claim no prejudice was demonstrated because appellants responded in writing to the trial court's show cause order.

In *Otte v. Tessman* (1981) Ind., 426 N.E.2d 660, this Court reversed the Court of Appeals in two cases raising similar questions regarding the notice and hearing requirements on motions for summary judgment, Trial Rule 56(C). In *Otte, supra,* the trial court granted Tessman's motion for summary judgment and dismissed Otte's action after three years and three months had passed since the suit had been initiated. No hearing date, nor deadline for filing all evidentiary materials in support of or in opposition to the motion for summary judgment was set by the trial court. Otte did not respond to the motion, claiming she had the right to wait until the trial court set a hearing date.

In *Commissioner, Ind. St. Highway Department v. Collins,* consolidated with *Otte,* Collins's motion for summary judgment was granted four days after having been filed on the issue of liability. In both cases, the Court of Appeals held the respective trial

courts had not committed reversible error as the plaintiffs failed to demonstrate any resulting prejudice. Quoting Judge Staton in his dissenting opinion, this Court stated at 661:

" '... [P]rejudice is presumed on appeal where a trial court fails to follow the mandate of Trial Rule 56 which provides that the trial court fix a time for a hearing on the motion for summary judgment before ruling on the motion. The fixing of time for a hearing is the cornerstone which supports the equitable operation of Trial Rule 56.

\* \* \* \* \* \*

" 'If the failure to obey the clear, explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun.' "

The language of Trial Rule 41(E) is explicit: "the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case." The trial court's order to show cause noting that appellees' motion would be ruled on immediately following the July 25 deadline and its subsequent order dismissing the action upon appellants' response, filed twenty-three days before the deadline, wholly fails to comply with the clear dictates of the rule requiring a hearing.

Recognizing that the triggering mechanism of Trial Rule 41(E) is the ordering of a hearing, the Court of Appeals held that it must nonetheless be read in conjunction with Trial Rule 73:

"(A) *Hearings upon motions.* Unless local conditions make it impracticable, each judge shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as he considers reasonable may make order for the advancement, conduct, and hearing of actions. To expedite its business the court may direct the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition, or direct or permit hearings ...."

We adopt the position set forth in Judge Staton's dissent in this case:

"[T]he Majority would propose a permissive argument in support of its result which was never alluded to directly or indirectly by the trial court. This argumentative proposition of law suggests that TR. 73 is a license for the trial court, in its discretion and without more, to decide when it will follow the mandate of the Supreme Court Rules which require a hearing before action is taken. Trial Rule 73 is a statement of policy by the Supreme Court and not a license to avoid and circumvent the clear, explicit mandates of its rules which are designed to assure justice to the parties. Here, we are considering the dismissal of a cause of action with prejudice—not expediting a cause of action toward trial on the merits. Trial Rule 73 should only be used in appropriate circumstances and in accordance with Indiana Supreme Court stated policy. When TR. 73 is being used by a trial court, the parties should be made fully aware that the trial court is intentionally deviating from a rule which provides for a different procedure and the reason for the deviation. If the parties expressly agree to expedite the cause of action by using the deviate procedure, no one is harmed. Otherwise, the trial court should make the reason for the deviation perfectly clear on the record so that a reviewing court can examine the merits of any objection. In the present case, absolutely no mention of TR. 73 is made by the trial court. The record is void of any inference that the Rule is being used as a deviate procedure."

Generally, the Rules of Trial Procedure are to be construed together and harmoniously if possible. *State Farm Mutual Auto Insurance Co. v. Shuman,* (1977) Ind.App., 370 N.E.2d 941. However, as with statutes, *Foley v. Consolidated City of Indianapolis,* (1981) Ind.App., 421 N.E.2d 1160, a specific rule controls over a general one on the same

subject matter. Trial Rule 41(E) clearly requires a hearing on a motion to dismiss which controls over Trial Rule 73 allowing the trial court to expedite its business by directing the submission and determination of motions without oral hearing.

We, therefore, grant appellants' petition to transfer, vacate the opinion of the Court of Appeals, and reverse the judgment of the trial court dismissing the action with prejudice. This cause is remanded to the trial court with instructions to order a hearing on appellees' motion to dismiss in accordance with Trial Rule 41(E).

HUNTER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents with opinion in which DeBRULER, J., concurs.

PRENTICE, Justice, dissenting.

I dissent to the majority's interpretation of Ind.R.Tr.P. 41(E).

The rule does not require that a hearing be held in open court. It requires the judge to *order* a hearing for the purpose of dismissing the case and mandates a dismissal, absent a showing of sufficient cause as to why it should not, at or *before* the hearing. The appellees submitted pleadings in opposition to the trial court's proposed action and Defendants' motion to dismiss. The use of the word "before" in the rule contemplates that the trial court will or can dismiss the cause, based upon the submissions of the parties, and without a hearing or oral argument in open court.

Plaintiffs do not argue that if they had had an opportunity to appear before the judge in person, they would have presented additional grounds in opposition or that they would have somehow been able to convince the trial court to rule in their favor. The trial court's order of dismissal explicitly stated that it considered Plaintiffs' response when ruling upon the motion. Therefore, Plaintiffs have been "heard" or have had the "hearing" contemplated by the rule, and what they seek is a reversal premised upon the denial of oral argument that was never requested and which the rule does not mandate.

The majority relies upon *Otte v. Tessman*, (1981) Ind., 426 N.E.2d 660, which does not support its conclusion. In that case we construed Ind.R.Tr.P. 56(C) in two different actions where the Court of Appeals had found violations of the rule to be harmless error. In the case at bar the trial court did not violate Ind.R.Tr.P. 41(E) but gave Plaintiffs the procedural due process due them under the rule.

Lastly, I note that Plaintiffs might not be remediless if the trial court's judgment be affirmed. They may yet attempt to invoke the reinstatement provisions of Ind.R.Tr.P. 41.

DeBRULER, J., concurs.