Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 01 2012, 8:23 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK S. O'HARA**
Hostetter & O'Hara
Brownsburg, Indiana

ATTORNEYS FOR APPELLEES:

**CHAD D. WUERTZ**
Wuertz Law Office, LLC
Indianapolis, Indiana

**JOSEPH W. EKE**
Dale & Eke, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERSH ZAVODNIK, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1105-CT-393 |
| | ) | |
| KATRIN GEHRT and IMPERATOR BULLDOGS KENNEL, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

| | | |
|---|---|---|
| GERSH ZAVODNIK, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BOMBERLAND BULLDOGS, GYORGYA FANTA and ANNA FANTA (a/k/a ANNA KUKLENKOO), | ) | |
| | ) | |
| Appellees-Defendants, | ) | |

GERSH ZAVODNIK,                                  )
                                                 )
     Appellant-Plaintiff,                      )
                                                 )
         vs.                                )
                                                 )
RAPHAEL NAHGEREFTEH, RAPHI M                      )
COPR, SUPER.AUCTIONS@YAHOO.COM,                   )
and VERYLOWPRICES,                               )
                                                 )
     Appellees-Defendants,                     )

---

GERSH ZAVODNIK,                                  )
                                                 )
     Appellant-Plaintiff,                      )
                                                 )
         vs.                                )
                                                 )
CLARA ISABELLA CROUS and                         )
BARMECO KENNELS,                                 )
                                                 )
     Appellees-Defendants,                     )

---

GERSH ZAVODNIK,                                  )
                                                 )
     Appellant-Plaintiff,                      )
                                                 )
         vs.                                )
                                                 )
GONZALO LEON RODRIGUEZ and                       )
LUISA LOPEZ, GOLUCAN KENNEL,                      )
GOLUCAN BULLDOGS KENNEL,                          )
HTTP://WWW.GOLUCAN.COM,                           )
GONZALO LEON RODRIGUEZ'S WIFE,                    )
GONZALO RODRIGUEZ, LEON                           )
RODRIGUEZ, GONZALO LEON AND                       )
LUISA RODRIGUEZ,                                 )
                                                 )
     Appellees-Defendants,                     )

| | |
|---|---|
| GERSH ZAVODNIK, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARIO JOB BRAHAO, ANDREA | ) |
| CHRISTINA STERQUE-FONE and | ) |
| BULLDOG URBANO, | ) |
| | ) |
| Appellees-Defendants, | ) |

| | |
|---|---|
| GERSH ZAVODNIK, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROLF and MARIA LOUISE FRANK, and | ) |
| ROLFY'S BULLS KENNEL | ) |
| | ) |
| Appellees-Defendants, | ) |

| | |
|---|---|
| GERSH ZAVODNIK, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHELA RINALDI a/k/a MICHELE | ) |
| RINALDI a/k/a SCOTTO DI RINALDI | ) |
| MICHELE CIRO a/k/a SCOTTO RINALDI | ) |
| MICHELE a/k/a SCOTTI RINALDI | ) |
| MICHELE a/k/a SCOTTO DI RINALDI | ) |
| MICHELE, | ) |
| | ) |
| Appellee-Defendant, | ) |

3

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                )
                                                   )
          vs.                            )
                                                   )
ELENA TONCHEVA JORDANOVA, ELENA )
JORDANOVA, STYLE BULLET and            )
STRELETZ,                                          )
HTTP://WWW.STYLEBULLET-STRELETZ.COM )
and STYLEBULLET-STRELETZ,              )
                                                   )
      Appellees-Defendants,               )

---

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                )
                                                   )
          vs.                            )
                                                   )
RICHARD CROCKETT a/k/a XAMELEON )
1971,                                              )
                                                   )
      Appellees-Defendant,                )

---

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                )
                                                   )
          vs.                            )
                                                   )
MARGARET AND WILLIAM GOODWIN )
and BRITISH PRIDE BULLDOGS,            )
                                                   )
      Appellees-Defendants,               )

GERSH ZAVODNIK,                                )
                                               )
        Appellant-Plaintiff,                   )
                                               )
            vs.                                )
                                               )
LUCIA CLEBIS DA CRUZ and                       )
CANIL LA BONNE VIE,                            )
                                               )
        Appellees-Defendants,                  )


GERSH ZAVODNIK,                                )
                                               )
        Appellant-Plaintiff,                   )
                                               )
            vs.                                )
                                               )
ROB HARRIS and NOBOZZ a/k/a                    )
NOBOZZ KENNEL a/k/a NOBOZZ                      )
BULLDOGS KENNEL, MISS HARRIS and               )
ROB HARRIS' WIFE,                              )
                                               )
        Appellees-Defendants,                  )


GERSH ZAVODNIK,                                )
                                               )
        Appellant-Plaintiff,                   )
                                               )
            vs.                                )
                                               )
SEBASTIEN DE CLERCQ, JOHAN CLERCQ,)
JUANITA PASCUAL and DORAN                      )
BULLDOGS KENNEL,                               )
                                               )
        Appellees-Defendants,                  )

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                           )
                                                   )
             vs.                                     )
                                                   )
BRIAN RICHARDS,                                    )
                                                   )
      Appellee-Defendant,                            )

---

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                           )
                                                   )
             vs.                                     )
                                                   )
GISELLE GUZMAN,                                    )
                                                   )
      Appellee-Defendant,                            )

---

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                           )
                                                   )
             vs.                                     )
                                                   )
LUCA BISIGNANO a/k/a PIERLUCA                      )
BISIGNANO, OLDENGLAND'S DREAM                      )
a/k/a OLD ENGLAND'S DREAM,                         )
HTTP://WWW/OLDENGLAND.IT,                          )
OLDENGLAND'S DREAM KENNEL a/k/a                    )
OLD ENGLAND'S DREAM BULLDOGS                       )
KENNEL a/k/a OLDENGLAND KENNEL,                    )
CATERINA BISIGNANO and PIERLUCA                    )
BISIGNANO'S WIFE,                                  )
                                                   )
      Appellees-Defendants,                          )

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                     )
                                                   )
          vs.                              )
                                                   )
JUAN ANTONIO MARI, ELVIRA                          )
FERNANDEZ, CRUSHEDS KENNEL                         )
and HTTP://WWW.CRUSHEDS.COM,                       )
                                                   )
      Appellees-Defendants,                    )

---

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                     )
                                                   )
          vs.                              )
                                                   )
DOUG COSTELLO,                                     )
                                                   )
      Appellee-Defendant,                      )

---

GERSH ZAVODNIK,                                    )
                                                   )
      Appellant-Plaintiff,                     )
                                                   )
          vs.                              )
                                                   )
IGOR MARGULYAN a/k/a ZZLCASHERS                    )
(yahoo ID) a/k/a                                   )
ZZLCASHERS@HOTMAIL.COM                             )
                                                   )
      Appellees-Defendants,                    )

---

GERSH ZAVODNIK,                                    )
                                                   )

Appellant-Plaintiff,                )
                                    )
vs.                                 )
                                    )
NOREVE USA, CROUCHER INDUSTRIES,    )
INC., PCS-LTD, ABSOLUTELYU and      )
ANTHONY CROUCHER,                   )
                                    )
Appellees-Defendants,               )

---

GERSH ZAVODNIK,                     )
                                    )
Appellant-Plaintiff,                )
                                    )
vs.                                 )
                                    )
STYLE BULLET AND STRELETZ,          )
STRELETZ. EU,                       )
HTTP://WWW.STYLEBULLET-STRELETZ.COM,)
STYLEBULLET-STRELETZ, DESISLAVA     )
TELLALOVA a/k/a DESISLAVA           )
TELALOVA, and DESISLAVA ANTONOVA    )
TELLALOVA,                          )
                                    )
Appellees-Defendants,               )

---

GERSH ZAVODNIK,                     )
                                    )
Appellant-Plaintiff,                )
                                    )
vs.                                 )
                                    )
NOREVE SAINT-TROPEZ, INNOVACASES,   )
INNOVACASES.COM, NOREVE,            )
NOREVE.COM, MICHAEL MASSAT and      )
INNOVACASES SARL,                   )
                                    )
Appellees-Defendants,               )

---

GERSH ZAVODNIK,                                   )
                                                  )
    Appellant-Plaintiff,       )
                                                  )
      vs.               )
                                                  )
JOHN BONYNGE, CORINNE BONYNGE,                    )
and JOHN BONYNGE'S WIFE,                          )
                                                  )
    Appellees-Defendants,      )

---

GERSH ZAVODNIK,                                   )
                                                  )
    Appellant-Plaintiff,       )
                                                  )
      vs.               )
                                                  )
RAY and HAZEL THOMAS and                          )
OWZABOUT BULLDOGS,                                )
                                                  )
    Appellees-Defendants,      )

---

GERSH ZAVODNIK,                                   )
                                                  )
    Appellant-Plaintiff,       )
                                                  )
      vs.               )
                                                  )
MICHELE WEBER FAGUNDES and                        )
BULLBEST BULLDOGS,                                )
                                                  )
    Appellees-Defendants,      )

---

GERSH ZAVODNIK,                                   )
                                                  )
    Appellant-Plaintiff,       )
                                                  )
      vs.               )
                                                  )

VERONIQUE JERMONE, IVES )
HUYSMANS, and IMPRESSIVE BULL )
ENGLISH BULLDOGS KENNEL, )
 )
      Appellees-Defendants, )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Timothy Oakes, Judge
Cause Nos. 49D13-0903-CT-12350 49D13-0801-CT-951, 49D13-1004-PL-17817,
49D13-0902-CT-5577, 49D13-0902-CT-5594, 49D13-0801-CT-1328,
49D13-0807-CT-30202, 49D13-1006-CT-27798, 49D13-0907-CT-32808,
49D13-1001-PL-4261, 49D13-0801-CT-1330, 49D13-0803-CT-13883,
49D13-0801-CT-1192, 49D13-0807-CT-29870, 49D13-0911-PL-54392,
49D13-0902-CT-5591, 49D13-0910-CT-48604, 49D13-0902-CT-8068,
49D13-1011-PL-49972, 49D13-1009-PL-42270, 49D13-0902-CT-5575,
49D13-0907-CT-32800, 49D13-0911-PL-51675, 49D13-0912-CC-58180,
49D13-0801-CT-1195, 49D13-0802-CT-7528, and 49D13-0902-CT-5584

**March 1, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

In this consolidated appeal, Gersh Zavodnik appeals the trial court's Trial Rule 41(E) dismissal of his complaints in twenty-seven cases. Zavodnik raises two issues for our review, which we consolidate and restate as whether the trial court erred in dismissing the

complaints. Concluding the trial court abused its discretion in dismissing three of the cases, but did not abuse its discretion with respect to the remainder, we affirm in part and reverse in part.

<u>Facts and Procedural History</u>

Beginning in early 2008 and continuing into 2010, Zavodnik filed a series of twenty-seven complaints against various people and businesses.[1] By order of the Executive Committee of the Marion County Superior Court, all of Zavodnik's cases were transferred to a single court. The procedural history of each case is, obviously, somewhat different, and will be discussed in greater detail below. On March 2, 2011, however, the trial court entered the following Order on Trial Rule 41(E) Hearing in each case:

> This matter comes before the Court, along with a plethora of others (see Exhibit A) for a hearing pursuant to Indiana Trial Rule 41(E). The list of twenty[-seven] (27) cases spanning over two years came to this Court pursuant to an Order from the Marion County Executive Committee consolidating them. The plaintiff in each case is Gersh Zavodnik and is self represented. The defendants are from five (5) different states and at least ten (10) different countries. All involve at least one complaint of breach of contract, and many allege a deal gone awry involving English Bulldogs. The Court has held a Trial Rule 41(E) hearing on each case and after proper notice. The hearings spanned months and some were heard twice. Mr. Zavodnik was present for each hearing. At issue in most of these cases has been Mr. Zavodnik's failure to effectuate service upon the defendants in a timely manner. In addition, Mr. Zavodnik, despite numerous suggestions and pleas from this Court to obtain the assistance of counsel and numerous referrals to the local rules, has also failed to comply with the Marion County Local Rules in his pleadings, actions, and inactions.
>
> Mr. Zavodnik first explained the service issues as something that required two to three years in some foreign jurisdictions. Later, Mr. Zavodnik attached "affidavits of service" wherein he summarily suggests in his own

---

[1] The record before us does not include the complaints for most of these cases, so we do not know the bases for Zavodnik's lawsuits. However, the underlying facts of each case are not germane to the issues in this appeal.

11

affidavit that the defending parties had been served. Neither of these was acceptable to this Court. Asking the Court to enter multiple million-dollar default judgments on defendants in foreign countries (presumably to effectuate those judgments with collection efforts to follow) with the proof of service resting on a simple assurance from Mr. Zavodnik that those defendants had been served is not only asking the Court too much, but also wrong as a matter of law.

In addition, while Mr. Zavodnik is a likeable person and polite to the Court and staff as well, and while he appears to be intelligent and articulate, his filings repeatedly fail as a matter of the Local Rules of Marion County. Specifically, Mr. Zavodnik's filings, despite this Court's numerous warnings, repeatedly have violated LR49-TR5 Rule 203(E) (tender of orders), LR49-TR8 Rule 204 (A & D) (form of pleadings), LR49-TR11 Rule 206 (service on opposing parties) as well as others when requesting a trial (LR40-TR16 Rule 207 and LR49-TR40 Rule 214 – requesting a trial and case management orders). Mr. Zavodnik submits literally boxes of documents that are nothing more than pages pulled from the Internet with notes on Post-Its attached at different places and angles. They often lack coherence, much less conciseness. These dropping off of papers (one would be stretching it to calling [sic] them filings, and indeed the Clerk has rejected many of the purported filings) do not meet, and have repeatedly not met, the purposes of the Marion County Local Rules.

Our Courts are open to all pursuant to our Indiana Constitution, Article I, Section 12. That right dates back to the English Magna Carta. Yet, all constitutional rights involve some limitation, especially in the face of abuse. Mr. Zavodnik stated at the last of the 41(E) hearings that "these cases are [his] livelihood." That is this Court's fear; yet, this Court was willing to engage the plaintiff up to the limits of the law. However, this Court cannot ignore the reality of these cases, much less the law of our land.

As a result, his case, and the cases listed in Exhibit A attached hereto, is hereby DISMISSED WITHOUT PREJUDICE.

Appellant's Revised Appendix at 1-3.[2]

Zavodnik filed a motion to correct error in each case, which was denied in each case by the trial court. Zavodnik now appeals. Defendants from two of the cases have filed a consolidated appellee's brief; we address these two cases separately. No other defendants have filed a brief in this appeal.

12

## Discussion and Decision

### I. Standard of Review

Indiana Trial Rule 41 provides:

(E)  Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

Ind. Trial Rule 41(E).  A trial court's authority to dismiss a case pursuant to Trial Rule 41(E) "stems not only from considerations of fairness for defendants, but is also rooted in the administrative discretion necessary for a trial court to effectively conduct its business." Baker Mach., Inc. v. Superior Canopy Corp., 883 N.E.2d 818, 823 (Ind. Ct. App. 2008), trans. denied.  The purpose of Trial Rule 41(E) is "to ensure that plaintiffs will diligently pursue their claims" and to provide "an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." Belcaster v. Miller, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), trans. denied.  The plaintiff bears the burden of moving the litigation forward, and the trial court has no duty to urge or require counsel to go to trial, even where it would be within the court's power to do so.  Id.  "'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely.'"  Id. (quoting Hill v. Duckworth, 679 N.E.2d 938, 939-40 (Ind. Ct. App. 1997)).

---

[2]  There were twenty-seven separately-captioned orders, but each was identical in content.

We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. Am. Family Ins. Co. ex rel. Shafer v. Beazer Homes Ind., LLP, 929 N.E.2d 853, 856 (Ind. Ct. App. 2010). An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. Id. We will affirm if there is any evidence that supports the trial court's decision. Id. In determining whether a trial court abused its discretion in dismissing an action for failure to prosecute, we consider several factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. Indiana Dep't of Natural Res. v. Ritz, 945 N.E.2d 209, 214-15 (Ind. Ct. App. 2011), trans. denied. The weight of any particular factor in a particular case depends on the facts of that case. Id. "However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." Belcaster, 785 N.E.2d at 1167. Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with

14

disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. Turner v. Franklin Cnty. Four Wheelers Inc., 889 N.E.2d 903, 905 (Ind. Ct. App. 2008).

## II. Zavodnik v. Goodwin[3]

On January 10, 2008, Zavodnik filed a complaint against Margaret and William Goodwin and British Pride Bulldogs. The Goodwins and the kennel are located in the United Kingdom. On what looks to be April 30, 2008,[4] the trial court sent a notice to Zavodnik's counsel[5] that the "cause will be dismissed, at a hearing at 9:30 am on June 13, 2008, unless sufficient cause be shown see TR 41(E)." Appellant's Revised Appendix at 27-28. The Rule 41(E) hearing was removed from the call of the docket at Zavodnik's request. On December 4, 2008, Zavodnik filed a praecipe for trial, and the cause was set for bench trial on March 24, 2009. On March 10, 2009, the Goodwins filed an answer, and the bench trial was reset for June 11, 2009.

On June 9, 2009, Zavodnik filed an amended complaint and a motion to continue, and the trial court ordered that trial "be reset after service is obtained on the defendants." Id. at 28-29. On June 18, 2009, the trial court received correspondence from solicitors in the United Kingdom on the Goodwins' behalf. A July 6, 2009, entry in the CCS shows

---

[3] Trial court cause number 49D13-0801-CT-1330.

[4] Most of the procedural history of these cases is taken from the Chronological Case Summaries ("CCS") provided by Zavodnik in his appendix. Some of the dates have been obscured by the copying and/or binding of the appendix. In most cases, however, the specific dates are not crucial.

[5] Zavodnik was represented by counsel from the inception of this case through approximately May of 2009, when counsel withdrew and Zavodnik undertook representation of himself. See id. at 27-28.

15

"summons served by other on 07/06/09 at 11:59 pm." Id. at 29. On July 8, 2009, Zavodnik filed a praecipe for trial, and a bench trial was set for August 26, 2009. On August 4, 2009, however, the order transferring Zavodnik's pending cases, including this one, was entered,[6] and the cause was docketed in Superior Court 13 on August 20, 2009.

There is no indication of what became of the August 26, 2009, trial date, other than no trial was held on that day. The case was set for status conference on November 10, 2009,[7] at which time a CCS entry indicates Zavodnik appeared in person, "Dfnt has attorney make appearance . . . indicates he will make/file an appearance." Id. at 30. On November 30, 2009, Zavodnik filed a praecipe for trial that was denied by the trial court for failing to comply with local rules, including those requiring a case management order and a certificate of service. On December 16, 2009, Zavodnik filed another praecipe for trial. Apparently, no order was issued on this praecipe; instead, on January 5, 2010, the trial court approved an order setting the case for a Rule 41(E) hearing on February 8, 2010.

Prior to the February 8, 2010, Rule 41(E) hearing, Zavodnik filed a petition to remove the case from the call of the docket, an attorney entered an appearance for the Goodwins, the Goodwins filed an answer to Zavodnik's amended complaint, and the trial court removed the Rule 41(E) hearing from the docket. The next entry on the CCS is from June 10, 2010, setting a Rule 41(E) hearing for August 18, 2010. The CCS does not indicate whether or not that Rule 41(E) hearing was held, but on that date, Zavodnik filed a motion to compel

---

[6] Some of Zavodnik's cases were filed after this date, but were also transferred to Superior Court 13.

[7] Many of Zavodnik's other cases were set for status conference on this date, as well.

16

discovery and an alternative request to enter judgment against the Goodwins. On August 23, 2010, the case was set for Rule 41(E) hearing on January 4, 2011. On August 24, 2010, the Goodwins filed a response and objection to Zavodnik's motion to compel discovery or for judgment, and on August 25, 2010, the trial court denied Zavodnik's motions.

In September 2010, Zavodnik and the Goodwins filed additional motions and responses regarding discovery, and a CCS entry dated September 29, 2010 indicates the pending motions were set for hearing on January 4, 2011. Additional discovery motions and responses were filed in February 2011. On March 2, 2011, the order dismissing this case pursuant to Trial Rule 41(E) was entered.

The trial court gave two primary reasons for dismissing Zavodnik's cases: one, the failure to effect service on the defendants and two, the violation of local rules. Zavodnik appeals the dismissal of this case pursuant to Trial Rule 41(E), specifically contending the trial court abused its discretion in dismissing this case for failing to effectuate service on the Goodwins, and more generally contending the trial court abused its discretion in dismissing any case for violating local rules. The Goodwins do not seem to dispute that they were served in this case; their appellate argument focuses exclusively on the violation of local rules. As the Goodwins hired counsel who entered an appearance on their behalf and filed an answer, responsive pleadings, and requested affirmative relief from the trial court, we agree with Zavodnik that lack of service is not a valid basis for dismissing this case.

As for the violation of local rules, Zavodnik contends the CCS does not reflect "numerous warnings" about the "multiple violations" to which the trial court referred. The

17

CCS reflects one instance of a praecipe for trial being denied for violation of local rules. The Goodwins point to interrogatories served by Zavodnik which were in violation of a local rule limiting the number of interrogatories that may be propounded without leave of court[8] and which contained "scandalous, libelous, and inflammatory material." Consolidated Brief of Appellees at 5. However, the CCS also reflects that the case was placed on the call of the docket at least four times pursuant to Trial Rule 41(E). To the extent Zavodnik argues he should have been warned before his case was dismissed, these settings were such warning. The trial court cited several rules with which Zavodnik was not in compliance in denying his praecipe for trial, and as the Goodwins point out, his discovery requests far exceed the limitations imposed by rule, as well, and he did not have – nor seek – court permission to expound additional interrogatories.[9]

Trial Rule 41(E) provides that the court "shall enter an order of dismissal" if the plaintiff does "not show sufficient cause at or before" the hearing. Pro se litigants are held to the same rules of procedure as licensed attorneys. Baird v. Lake Santee Reg'l Waste and Water Dist., 945 N.E.2d 711, 714 (Ind. Ct. App. 2011) ("[O]ne who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of her actions."). Therefore, Zavodnik's representation of himself is not sufficient cause for repeated, and in some cases,

---

[8] Marion County LR49-TR33-213(A) provides that interrogatories "shall be limited to a total of 25 including subparts . . . ." A set of interrogatories served on the Goodwins by Zavodnik and included in the record before us is eighty-three interrogatories, most with multiple subparts. See Consolidated Appendix of Appellees at 18-75. He also served forty-one requests for production, again in multiple subparts.

[9] The local rule also provides that additional interrogatories may be propounded "[f]or good cause shown and upon leave of Court . . . ." LR49-TR33-213(A).

egregious, violations of the rules. Zavodnik did not provide a transcript of the January 4, 2011, Rule 41(E) hearing, so if he offered any other explanation for his rule violations and onerous discovery requests, we do not have the benefit of it. Under the facts and circumstances of this case, we cannot say the trial court abused its discretion in ordering the Goodwin case dismissed without prejudice pursuant to Trial Rule 41(E).

### III. Zavodnik v. Margulyan[10]

On October 22, 2010, Zavodnik filed his complaint against Igor Margulyan in Marion County. On November 5, 2010, the case was transferred to Superior Court 13, pursuant to the earlier order of the Executive Committee consolidating all of Zavodnik's cases in one court. On November 10, 2010, an attorney filed an appearance for Margulyan and moved to strike the complaint "for failure to conform to the Indiana Rules of Trial Procedure and for containing scandalous material." Id. at 123. Also on November 10, 2010, the trial court set a hearing for January 4, 2011, "for the purpose of hearing evidence as to why [Zavodnik's] complaint . . . should not be stricken and [Zavodnik] sanctioned for contravening the Indiana Trial Rules." Id. On December 27, 2010, Margulyan filed a "notice of [Zavodnik's] continued non-compliance with the Indiana Rules of Trial Procedure." Id. at 125. At the hearing on January 4, 2011, the trial court granted Margulyan's motion to strike Zavodnik's complaint. Somewhat confusingly, Margulyan filed an answer and affirmative defenses on February 3, 2011 to a presumably stricken complaint, and Zavodnik filed an amended complaint on February 4, 2011. A Trial Rule 41(E) dismissal was ordered on March 2, 2011.

---

[10] Trial court cause number 49D13-1009-PL-42270.

Margulyan's argument in support of the trial court's order, like the Goodwins', focuses on Zavodnik's violation of local rules. We note, however, that although there was a hearing on January 4, 2011 – the same date on which several of Zavodnik's other cases were set for a Rule 41(E) hearing[11] – the CCS does not show that a Rule 41(E) hearing was ever ordered in <u>this</u> case.[12] The CCS is the "official record of the trial court," Ind. Trial Rule 77(B), and a trial court speaks through its docket. <u>Young v. State</u>, 765 N.E.2d 673, 678 n.6 (Ind. Ct. App. 2002). Trial Rule 41(E) clearly requires a hearing be ordered before a case may be dismissed. <u>Rumfelt v. Hines</u>, 438 N.E.2d 980, 984 (Ind. 1982). When the trial court orders a hearing and notice of the hearing date is sent to the plaintiff, the hearing requirement is satisfied, even if the plaintiff does not attend the hearing. <u>Metcalf v. Estate of Hastings</u>, 726 N.E.2d 372, 374 (Ind. Ct. App. 2000), <u>trans. denied</u>. When, however, no hearing has been ordered, it is an abuse of discretion to dismiss a case pursuant to Trial Rule 41(E). <u>See Grant v. Wal-Mart Stores, Inc.</u>, 764 N.E.2d 301, 303 (Ind. Ct. App. 2002) (holding it was an abuse of discretion to summarily dismiss complaint after plaintiff failed to appear at pre-trial conference without ordering a hearing as required by Trial Rule 41(E)). Because no Rule 41(E) hearing was ordered, it was error for the trial court to have dismissed this case.

---

[11] <u>See</u>, <u>e.g.</u>, Part II, <u>supra</u> (Trial Rule 41(E) hearing set for January 4, 2011 in Zavodnik's case against the Goodwins).

[12] The CCS contains several entries regarding the January 4, 2011, hearing date. In addition to the November 10, 2010, entry quoted above, entries on November 12, 2010, and November 17, 2010, read: "Cause set for hearing on 01/04/11 at 02:00 oclock PM." <u>Id.</u> at 123-24. There is no reference in the CCS to Trial Rule 41(E) until the March 2, 2011, entry showing the case has been dismissed pursuant to that rule. <u>Id.</u> at 126.

IV. Zavodnik v. Crockett, Rinaldi, and Costello[13]

In his brief, Zavodnik specifically challenges the dismissal of his cases against Richard Crockett, Michela Rinaldi, and Doug Costello, alleging no Rule 41(E) hearing was ordered in these cases. None of these defendants filed an appellee's brief. When an appellee has failed to file a brief, "we do not undertake to develop the appellee's arguments. Rather, we will reverse upon an appellant's prima facie showing of reversible error." Branham v. Varble, 952 N.E.2d 744, 746 (Ind. 2011).

As noted above, a Trial Rule 41(E) hearing must be ordered before a case may be dismissed pursuant to this rule. Rumfelt, 438 N.E.2d at 984. The CCS in the Crockett case shows that on August 23, 2010, "court approves order scheduling T.R. 41E hearing." Appellant's Revised App. at 112. Therefore, the record does not support Zavodnik's assertion of error in that case. The CCS in the Rinaldi case, however, does not indicate the trial court ordered a Rule 41(E) hearing. The only CCS entries after the case was transferred to Superior Court 13 on January 3, 2011, and prior to the Trial Rule 41(E) order on March 2, 2011, are from January 7, 2011: "court denies motion to praecipe for trial. Not a local rule 20" and "court denies case management order. Not at [sic] local rule 20." Id. at 119. Because the record does not show that a Rule 41(E) hearing was ordered for this case, the trial court erred in dismissing the Rinaldi case. The CCS in the Costello case likewise fails to show that a Rule 41(E) hearing was ordered. The case was transferred to Superior Court 13 on December 28, 2010. On December 29, 2010, the court denied an order setting trial, and

---

[13] Trial court cause numbers 49D13-1001-PL-4261, 49D13-1006-CT-27798, and 49D13-1011-PL-49972, respectively.

21

on January 5, 2011, set the case for a status conference on January 11, 2011. See id. at 129. The case was then dismissed pursuant to Trial Rule 41(E) with all the others by order dated March 2, 2011. Without ordering a Trial Rule 41(E) hearing, the trial court erred in dismissing the Costello case.

## V. Zavodnik v. Remaining Defendants

Zavodnik also specifically challenges the dismissal of his cases against several defendants for whom counsel entered an appearance[14] or who otherwise filed a response in the trial court, submitting to the court's jurisdiction.[15] Even if we assume service was not an issue in any of these cases, the trial court still found dismissal appropriate because of Zavodnik's violations of the local rules. The appendix Zavodnik filed is 241 pages long, of which 130 pages are the CCSs for the twenty-seven cases at issue and the remainder of which are Zavodnik's motion to correct error in one of those cases, including several exhibits, many of which are written in Russian. In addition, Zavodnik has attached to the Appellant's Case Summary in each case his motion to correct error and accompanying exhibits for that case.[16]

---

[14] Zavodnik v. De Clerq, trial court cause number 49D13-0807-CT-29870; Zavodnik v. Frank, trial court cause number 49D13-0807-CT-30202; and Zavodnik v. Guzman, trial court cause number 49D13-0902-CT-5591. Also included in this category of defendants are the Goodwins, Margulyan, and Crockett, whose cases were discussed separately above.

[15] Zavodnik v. Thomas, trial court cause number 49D13-0801-CT-1195; Zavodnik v. Jerome, trial court cause number 49D13-0902-CT-5584; Zavodnik v. Rodriguez, trial court cause number 49D13-0902-CT-5594; Zavodnik v. Jordanova, trial court cause number 49D13-0907-CT-32808; Zavodnik v. Bonynge, trial court cause number 49D13-0912-CC-58180; Zavodnik v. Nahgerefteh, trial court cause number 49D13-1004-PL-17817. Also included in this category of defendants was Costello, whose case was discussed above.

[16] Zavodnik's cases were consolidated for appeal by order of this court dated June 9, 2011, but Zavodnik filed twenty-seven separate Case Summaries. In nearly every case, the motion to correct error exceeds fifty pages, and in one case, the motion to correct error alone is 126 pages. See Appellant's Case Summary in Zavodnik v. Goodwin. In addition, the exhibits attached to some of the motions to correct error are, in various cases, in French, Italian, Spanish, and Dutch.

On this record that is devoid of any pre-dismissal pleadings and given that we have already determined the trial court did not err in dismissing the Goodwin case for Zavodnik's violation of local rules, we cannot say the trial court abused its discretion in any of these cases. It is the appellant's burden to present a record that is complete with respect to the issues he raises on appeal. Delao v. State, 940 N.E.2d 849, 852 (Ind. Ct. App. 2011), trans. denied. Failing to do so, Zavodnik has waived any error in the trial court's dismissal of these cases pursuant to Trial Rule 41(E).

As for the remaining thirteen cases not already discussed, Zavodnik has failed to make any specific argument. Indiana Appellate Rule 46(A)(8) requires the appellant's argument to "contain the contentions of the appellant on the issues presented, supported by cogent reasoning [and] citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." We have no duty to search the record – as noted above, a voluminous but inadequate record in this case – to find error. See Prenatt v. Stevens, 598 N.E.2d 616, 622 (Ind. Ct. App. 1992), trans. denied.[17]

### Conclusion

The trial court abused its discretion in ordering the dismissal with prejudice of Zavodnik's cases against Margulyan, Rinaldi, and Costello because no Trial Rule 41(E) hearing was ordered in those cases. We therefore reverse the trial court's orders dismissing

---

[17] Zavodnik also argues the trial court erred in denying his motion to correct error and to reinstate pursuant to Trial Rule 41(F) in each case. Trial Rule 41(F) provides: "For good cause shown and within a reasonable time, the court may set aside a dismissal without prejudice." As for those cases we have determined herein should not have been dismissed, we agree. As to the remainder, it was either not an abuse of discretion or we do not have sufficient information to substantively determine whether it was an abuse of discretion to deny the motions to correct error and decline to reinstate the cases.

23

those cases and remand for further proceedings. The trial court did not abuse its discretion with respect to the remainder of the cases, and the trial court's orders in those cases are affirmed.

Affirmed in part and reversed in part.

NAJAM, J., and VAIDIK, J., concur